UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA N. BOSTICK,

    Plaintiff,

v.                                              Case No. 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Plaintiff Lisa N. Bostick's Motion for Remand filed on June 29, 2016. (Doc. # 11). Defendant State Farm Mutual Automobile Insurance Company filed its response on July 8, 2016. (Doc. # 14). For the following reasons, the Court denies the Motion to Remand.

**I.   Factual Background and Procedural History**

On or about November 13, 2013, Bostick was driving an automobile in Hillsborough County, Florida and was struck by a motor vehicle operated by Blair S. Alsup, a non-party to this action. (Doc. # 1 at ¶ 4). As a consequence of the collision, Bostick allegedly suffered "bodily injury, . . . pain and suffering, disability, mental anguish and loss of capacity for the enjoyment of life." (Id. at ¶ 6). When the

accident occurred, Bostick was insured by State Farm, and Alsup was insured through Geico General Insurance Company. (Id. at ¶¶ 7-8). Geico tendered the policy limits of $100,000, which was accepted by Bostick as "full and final settlement for the bodily injuries Alsup caused." (Id. at ¶¶ 8-9). Bostick contends this amount is insufficient compensation for her injuries and argues State Farm is obligated to provide additional relief under a provision in the insurance policy extending "coverage for underinsured motorist benefits." (Id. at ¶ 7).

Bostick filed a civil action in Florida state court against State Farm on February 9, 2016. (Doc. # 2). On June 2, 2016, State Farm removed the action to this Court predicating subject matter jurisdiction on complete diversity of citizenship. (Doc. # 1 at ¶ 4). In the Notice of Removal, State Farm indicates it is a citizen of Illinois, as its principal place of business is in Illinois, and its state of incorporation is also Illinois. (Id. at ¶ 7). The Notice of Removal recites Bostic's statement made in her Complaint that she is a "resident" of Florida. (Id. at ¶ 6). As to the amount in controversy, State Farm explains that "Plaintiff claims to have incurred, to date, $257,315.95 in total medical bills, with $98,699 plus liens outstanding." (Id. at ¶ 9).

On June 29, 2016, Bostic filed a Motion to Remand, to which State Farm responded on July 8, 2016. (Doc. ## 11, 14). In addition, on July 20, 2016, the Court directed Bostic to provide information regarding her citizenship, because neither party addressed that matter in the Motion to Remand and Response thereto. (Doc. # 18). The Court explained that residency and citizenship are distinct concepts. (Id.). On July 26, 2016, Bostic filed a sworn Declaration indicating that she maintains a Valrico, Florida, home as her permanent residence and that she "intend[s] to remain there indefinitely." (Doc. # 19-1 at ¶ 4). This statement and others made in the Declaration convince the Court that Bostic is a citizen of Florida for the purposes of discussing diversity of citizenship.

**II.  Legal Standard**

"A defendant may remove a case filed in state court to federal court 'if the district courts of the United States have original jurisdiction.'" Henry v. K-mart Corp., No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558, at *3 (M.D. Fla. Dec. 9, 2010)(quoting 28 U.S.C. § 1441(a)). "Original jurisdiction exists if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000."

Miller v. Bank of Am., No. 8:13-cv-1425-T-33AEP, 2013 WL 3805043, at *2 (M.D. Fla. July 19, 2013).

## III. Analysis

"Diversity is not judged 'by simply looking at which parties fall on which side of the 'v.'' More is required." James River Ins. Co. v. Arlington Pebble Creek, LLC, 118 F. Supp. 3d 1302, 1306 (N.D. Fla. 2015)(citing Hedge Capital Invest. v. Sustainable Growth Grp. Holdings LLC, 593 Fed. Appx. 937, 941 (11th Cir. 2014)).

Complete diversity "means that no plaintiff may be a citizen of the same state as any defendant." James River Ins. Co., 118 F. Supp. 3d at 1305. As explained above, Bostick is a citizen of Florida. The Court must now examine State Farm's citizenship to determine whether the requirements for complete diversity are satisfied.

28 U.S.C § 1332(c) governs citizenship for corporate entities. In particular,

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen.**

4

28 U.S.C. § 1332(c)(1)(emphasis added).

"Thus, a corporation is generally deemed to be a citizen of every state it has been incorporated and where it has its principal place of business." Kenyon v. Fid. & Guar. Life Ins. Co., No. 6:12-cv-951-Orl-36GJK, 2012 WL 4478983, at *2 (M.D. Fla. Sept. 11, 2012). However, where a direct action is filed against a corporate insurer and the insured is not a defendant, "the corporation is deemed to be a citizen of every state of which the insured is a citizen." Id.

Bostick contends this action should be remanded to state court for lack of diversity jurisdiction given that Bostick (the insured) is a citizen of Florida, thereby making State Farm (the insurer) a Florida citizen. (Doc. # 11 at 4).

State Farm disagrees, and argues the instant action is not a "direct action" within the meaning of 28 U.S.C §1332(c)(1). Therefore, according to State Farm, the exception should not apply and State Farm's citizenship should be based solely on its principal place of business (Illinois) and state of incorporation (Illinois). (Doc. # 1 at ¶ 7).

The direct-action exception was designed to "eliminate the basis for diversity jurisdiction in states that allow an

5

injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the insurance company would otherwise be diverse." Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985).

Furthermore,

> Courts have uniformly defined the term "direct action" as used in this section as those cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him.

Id.

In the present matter, Bostick alleges State Farm breached the terms of the insurance agreement by failing to tender compensation for "the full value of Plaintiff's claim for personal injuries" caused by Alsup. (Doc. # 2 at ¶ 12). Therefore, Bostick brings this cause of action against her own insurer, not the insurer of a liable third party. As such, this case falls outside the governing definition of a direct action. Moreover, claims for an insurer's failure to honor the terms of an insurance policy do not trigger the direct action exception in 28 U.S.C. § 1332(c)(1). See Fortson, 751 F.2d at 1159. (citing Irvin v. Allstate Ins. Co., 436 F. Supp.

6

575, 577 (W.D. Okla. 1977)(An action by an insured against his own insurer under uninsured motorist provisions of an insurance policy is not a "direct action" within the meaning of section 1332(c))).

Therefore, the Court determines that the requirements for maintaining diversity jurisdiction are satisfied. The amount in controversy exceeds $75,000.00, Bostic is a citizen of Florida, and State Farm is a citizen of Illinois. Bostick's Motion for Remand is accordingly denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiff Lisa N. Bostick's Motion for Remand (Doc. # 11) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of July, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7