```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

LISA N. BOSTIC,

       Plaintiff,
v.                            Case No. 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Lisa Bostic's Motion to Exclude Expert Testimony (Doc. # 45), which was filed on March 24, 2017. On March 31, 2017, Defendant State Farm Mutual Automobile Insurance Company filed a Response in Opposition to the Motion. (Doc. # 46). For the reasons that follow, the Motion is denied.

**I.  Background**

After sustaining injuries in a November 14, 2013, car accident, Bostic filed a state court complaint against State Farm alleging breach of contract and seeking recovery of uninsured motorist benefits. (Doc. # 2). State Farm removed the case on June 2, 2016, based on complete diversity of citizenship. (Doc. # 1). Referencing Bostic's interrogatory answers, State Farm represented that Bostic "claims to have incurred . . $257,315.95 in total medical bills, with $98,699 plus liens outstanding." (Id. at 2).

The Court entered its Case Management and Scheduling Order on June 29, 2016. (Doc. # 13). Relevant to the present Motion, the Court established December 19, 2016, as the deadline for Bostic to disclose expert reports and January 23, 2017, as the deadline for State Farm's expert report disclosure. Bostic filed an unopposed Motion to extend the expert disclosure deadlines and the Court granted the extension. (Doc. ## 34, 35). Bostic's expert disclosures were extended to February 14, 2017, and State Farm's expert disclosures were extended to March 10, 2017. (Doc. # 35). Then, State Farm sought an extension of the dispositive motions deadline and other operative dates, which the Court granted. (Doc. ## 38-39). On March 14, 2017, the Court entered its Amended Case Management and Scheduling Order establishing the discovery deadline as April 20, 2017, and the dispositive motions deadline as May 4, 2017, setting an August 17, 2017, pretrial conference, and placing the case on the September 2017, trial term. (Doc. # 41).

On March 10, 2017, State Farm disclosed to Bostic that State Farm retained Ronald Fijalkowski, Ph.D. and provided Bostic with Fijalkowski's address and credentials. However, State Farm did not provide Bostic with Fijalkowski's formal expert report until April 3, 2017. Bostic now moves the Court

2

to strike Fijalkowski's testimony.

## II. Legal Standard

Rule 37(c), Fed. R. Civ. P., provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As explained in Mitchell v. Ford Motor Co., 318 Fed. Appx. 821, 824 (11th Cir. 2009), "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Furthermore, "in determining whether the failure to disclose was justified or harmless, [the Court] consider[s] the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." Lips v. City of Hollywood, 350 Fed. Appx. 328, 340 (11th Cir. 2009).

## III. Analysis

State Farm admits that its disclosure of Fijalkowski's expert report was untimely, but submits that the late disclosure caused no prejudice because the discovery deadline of April 20, 2017, as not yet expired. State Farm also

explains that Fijalkowski is a rebuttal witness retained to refute the testimony of Bostic's expert Stephen Koontz, disclosed on February 14, 2017, as a biomechanics expert that performed an accident reconstruction. State Farm indicates: "There is not a plethora of biomechanical engineers that do or will perform trial related work. It took some time to find a biomechanical engineer qualified, capable, and available to be retained in this matter." (Doc. # 46 at 2). State Farm also notes that Bostic has retained several expert witnesses that will testify regarding her medical condition and that State Farm did not anticipate that an accident reconstruction would be needed as "liability for the accident has never been in dispute, and rests with a non-party tortfeasor, Blair Alsup." (Doc. # 46 at 1).

The Court denies the Motion. From the Court's review of the file, it appears that both sides are preparing the case for its final resolution and that State Farm's untimely disclosure has not prejudiced Bostic such that the Court would be justified in excluding Fijalkowski. The purpose of discovery under the Federal Rules of Civil Procedure is to require the timely disclosure of relevant information to aid in the ultimate resolution of disputes in a civil action. United States v. Procter & Gamble Co., 356 U.S. 677, 682

4

(1958). These Rules "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." Id. "The concept of trial by ambush has long ago fallen into desuetude in both state and federal courts." Perfect Web Techs. v. InfoUSA, Inc., No. 07-80286, 2008 U.S. Dist. LEXIS 20761, at *4-5 (S.D. Fla. Mar. 17, 2008).

Here, the expert was timely disclosed, but his report was not turned over until after the deadline. Although the Court does not condone tardy disclosures of expert reports, it finds that State Farm's delay was substantially justified. And, because the discovery deadline has not yet expired, Bostic has the opportunity to gather relevant information from Fijalkowski to fully investigate his testimony and theories. Had the expert report been disclosed after the discovery deadline, the result would be different.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff Lisa Bostic's Motion to Exclude Expert Testimony (Doc. # 45) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE