UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA N. BOSTICK,

    Plaintiff,

v.                                    Case No. 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

This cause is before the Court pursuant to Defendant State Farm Mutual Automobile Insurance Company's Motion to Strike Certain Expert Opinions and Testimony of Robert W. Johnson and James A. Mills (Doc. # 51), filed May 4, 2017. Plaintiff Lisa N. Bostick filed a Response in Opposition to Defendant's Daubert Motion on June 5, 2017. (Doc. # 62). State Farm filed a Reply Memorandum on June 19, 2017. (Doc. # 69). For the reasons that follow, the Court denies the Motion.

**I.    Background**

Bostick filed the Complaint in state court against State Farm seeking payment of underinsured motorist benefits related to a car accident that occurred on November 14, 2013.

1

(Doc. # 2). The case was removed by State Farm on June 2, 2016, based on complete diversity of citizenship. (Doc. # 1).

On June 29, 2016, the Court entered its Case Management and Scheduling Order setting December 19, 2016, as Bostick's deadline to disclose expert reports. (Doc. # 13). Later, Bostick filed an Unopposed Motion for Extension of Time to Complete Discovery, which was granted, and her expert disclosure deadline was extended to February 14, 2017. (Doc. ## 34–35).

Bostick has retained economic experts, Robert W. Johnson and James A. Mills, of Robert W. Johnson & Associates, to offer expert testimony at trial. (Doc. # 51). On February 13, 2017, Bostick disclosed Johnson and Mills' "Economic Impact Report" to State Farm. (Doc. # 51-1). Both experts utilized the same methodology in their calculations and jointly prepared the report. (Id.). The report contains the economists' opinions about two types of damages: (1) the value of Bostick's future medical expenses and life care needs; and (2) the expected value of Bostick's future lost income. (Id.).

At this juncture, State Farm seeks an Order striking Johnson and Mills' opinions concerning Bostick's future lost earnings or loss of earning capacity on the grounds that "those opinions are not based on sufficient facts or data."

(Doc. # 51 at 6). State Farm explains in its reply, "Defendant's motion to strike (Doc. 51) only seeks this Court to enter an order striking Johnson and Mills' opinions related to the expected value of Plaintiff's future lost income." (Doc. # 69 at 1).

## II. Discussion

Federal Rules of Evidence Rule 702, which governs the admissibility of expert testimony, states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

When a party raises an objection to an expert's testimony, the Court must perform its gatekeeping duties to determine whether the expert testimony "is not only relevant, but reliable." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 589 (1993). When deciding Daubert issues, the trial judge has broad discretion in how the review is conducted. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Usually, "the rejection of expert testimony is the exception rather than

3

the rule." See Advisory Committee Notes to the 2000 Amendment to Rule 702.

The Eleventh Circuit has adopted a three-part analysis for determining whether expert testimony is admissible under Daubert and Rule 702:

> To fulfill their obligation under Daubert, district courts must engage in a rigorous inquiry to determine whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Rink v. Cheminova, Inc., 400 F.3d 1286, 1291-92 (11th Cir. 2005) (internal citations omitted). The party offering the expert has the burden of satisfying each of these elements by a preponderance of the evidence. Id. at 1292; see also Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999).

### A. **Johnson is Qualified**

Johnson is an economist with more than forty-four years of professional experience as a securities analyst, portfolio manager, and forensic economist. (Doc. # 62-1 at ¶ 2). He received an MBA from Stanford University Graduate School of Business and has continued his education in economics with

post-graduate training. (Id.). Since 1981, Johnson has provided forensic economic analyses and expert testimony in over 200 trials and depositions. (Id.). Johnson is also the President of Robert W. Johnson & Associates which has provided economic analyses for civil litigants since 1988. (Id.).

Based on these credentials, State Farm does not challenge the qualifications of Johnson as an expert in the field of economics. Therefore, the Court concludes that Johnson is qualified to testify competently regarding the Economic Impact Report and the first prong of the Daubert analysis is satisfied.[1]

B. **Johnson and Mills' Methodology**

Johnson and Mills have calculated the expected value of Bostick's future lost income by looking at W-2 tax forms, merit increase forms, and pay stubs from the University of Tampa. (Doc. # 62-1 at ¶ 6). Their methodology is a standard one, generally used by forensic economists in litigation matters. (Id. at 5). Yet, State Farm seeks to exclude the

---

[1] The Court has not been provided with Mills' CV. However, in the Motion to Strike (Doc. # 51) and Reply (Doc. # 69), State Farm does not raise issue with Mills' qualifications as an expert. The parties will have the opportunity at trial to present Mills' credentials and, at that time, the Court will be prepared to make further findings regarding his qualifications.

5

expert testimony of Johnson and Mills "because their opinions are speculative, contrary to the principals set forth in Daubert, . . . and are unduly prejudicial to [Bostick]." (Doc. # 51 at 3). State Farm argues that Johnson and Mills' opinions are not "based upon sufficient facts or data," and they relied upon erroneous assumptions in their calculations. (Id. at 2-3).

State Farm's main contention is that Johnson and Mills should have used different foundational information in their calculations, such as statements from Bostick's deposition, instead of the relied-upon facts. (Id.). The Court is not convinced. State Farm's disagreement with the input Johnson and Mills relied upon in their calculations is not enough to warrant striking their testimony. In Taylor, Bean & Whitaker Mortg. Corp. v. GMAC Mortg. Corp., No. 5:05-cv-260-Oc-GRJ, 2008 WL 3819752, at *5 (M.D. Fla. Aug. 12, 2008), the court noted:

> [T]hese arguments go more to the weight of the evidence, than the admissibility of the evidence under Daubert. The Court need not determine that the expert [defendant] seeks to offer into evidence is irrefutable or certainly correct. The certainty and correctness of [the expert's] opinion will be tested through cross-examination and presentation of contrary evidence and not by a Daubert challenge. Indeed the Court's role as gatekeeper is not intended to supplant the adversary system or the role of the jury.

Id.

The reasoning adopted in Taylor, Bean & Whitaker is applicable here. Although Johnson and Mills did not include certain variables – such as disability coverage - in their analysis, State Farm has not shown that Johnson and Mills' testimony is unsound. (Doc. # 62 at 2). State Farm should resolve their challenges to the experts' methodology through the adversary system. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Allison, 184 F.3d at 1311-12 (quoting Daubert, 509 U.S. at 596).

The Court concludes that Johnson and Mills' methodology is sufficiently reliable and satisfies the second factor of the Daubert analysis.

**C. Johnson and Mills Will Assist the Trier of Fact**

Expert testimony is helpful to the trier of fact "if it concerns matters that are beyond the understanding of the average lay person." United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004). In other words, "[p]roffered expert testimony generally will not help the trier of fact when it

offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262–63.

As previously stated, Johnson has more than forty-four years of professional experience in the field of economics. (Doc. # 62-1 at ¶ 2). He has received an MBA and continues to receive post-graduate training. (Id.). It is unlikely that the average lay person possesses the education and training necessary to understand the analysis and methodologies used to calculate Bostick's future lost earning capacity. Thus, the Court finds that Johnson and Mills' testimony will assist the trier of fact and denies the Motion to Strike.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant State Farm Mutual Automobile Insurance Company's Motion to Strike Certain Expert Opinions and Testimony of Robert W. Johnson and James A. Mills (Doc. # 51) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of June, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE