UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA N. BOSTICK,

      Plaintiff,

v.                                        Case No. 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant State Farm Mutual Automobile Insurance Company's Motion to Exclude Bostick's Treating Physicians from Testifying at Trial or, in the alternative, to Limit Their Testimony, which was filed on May 4, 2017. (Doc. # 53). Plaintiff Lisa N. Bostick filed her response in opposition (Doc. # 55) on May 18, 2017, and State Farm filed its reply to the response (Doc. # 56) on June 1, 2017. For the reasons that follow, the Court grants the Motion in part.

I.  **Background**

After sustaining injuries in a November 14, 2013, car accident, Bostick filed a state court action against State Farm for breach of contract in which she seeks recovery of

uninsured motorist benefits. (Doc. # 2). State Farm removed the case to this Court on June 2, 2016, under 28 U.S.C. § 1332. (Doc. # 1).

On June 29, 2016, the Court entered its Case Management and Scheduling Order setting December 19, 2016, as Bostick's deadline to disclose expert reports. (Doc # 13). Later, Bostick filed an Unopposed Motion for Extension of Time to Complete Discovery, which the Court granted, and her expert disclosure deadline was extended to February 14, 2017. (Doc. ## 34-35). The Court extended the discovery deadline to April 20, 2017. (Doc. # 39).

Plaintiff has retained five expert witnesses: Randall R. Benson, M.D.; Christopher N. Leber, M.D.; Steven J. Koontz, PE; Robert W. Johnson; and James A. Mills. The present Motion does not pertain to the retained experts listed above. State Farm explains that on April 20, 2017, Bostick provided Amended Rule 26(a)(1) Disclosures, listing 19 medical providers and/or medical facilities, which follow: Late Hours Urgent Care Center; Doctors Pain Management Group of Brandon; Massage Envy-Brandon; Kimberly A. Tobon, M.D.; Rose Radiology Tampa; John D. Okun, M.D.; Brandon Regional Hospital; Oakfield Drive Emergency Physicians; David Zelin, DMD, LLC; Therapy and Sports Venter, Inc.; Gregory Flynn, MD; Tampa Bay

Center for Specialized Surgery; Thomas J. Boldand, MD, DMD; Tampa Bay Imaging; Rehab Solutions Specialists, Inc.; Brandon Surgery Center; Edward White Hospital; Donald Smith, MD; and Charles Nofsinger, MD. (Doc. # 53-2). Bostick did not provide any summary of the testimony for these 19 witnesses. Instead, she only stated that they had discoverable information on "damages." (Id.). State Farm thus moves to prevent Bostick's 19 treating physicians from testifying. In the alternative, State Farm seeks to limit the testimony of the treating physicians to observations made during the course of treatment. (Doc. # 53).

## II. **Legal Standard**

"A treating physician may testify as either a lay witness or an expert witness; however, in order to testify as an expert witness, the physician must provide the required disclosures under Rule 26(a)(2)(B) or Rule 26(a)(2)(C)." See Fed. R. Civ. P. 26(a)(2)(C)(Advisory Committee Notes to 2010 Amendment); Sweat v. United States, No. 8:14-cv-888-T-17JSS, 2015 WL 8270434, at *2 (M.D. Fla. Dec. 8, 2015)(citing Whitehead v. City of Bradenton, No. 8:13-cv-2845-T-30MAP, 2015 WL 1810727, at *4 (M.D. Fla. Apr. 20, 2015)). The Advisory Committee Notes to the 2010 Amendment stated:

A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include <u>physicians or health care professionals</u> and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Fed. R. Civ P. 26(a)(2)(C) (Advisory Committee's Note to the 2010 Amendment).

Rule 26(a)(2)(B) requires a witness who is "retained or specially employed to provide expert testimony in the case" to provide a written report. Fed. R. Civ. P. 26(a)(2)(B). But, a physician who supplies an opinion procured directly from treatment is not subject to the expert witness disclosure requirements of Rule 26(a)(2)(B). <u>Blakely v. Safeco Ins. of Ill.</u>, No. 6:13-cv-796-Orl-37TBS, 2015 WL 1118071, at *3 (M.D. Fla. Mar. 20, 2014); <u>see</u> <u>also</u> <u>Sweat</u>, 2015 WL 8270434, at *2 (quoting <u>Rementer v. United States</u>, No. 8:14-cv-642-T-17MAP, 2015 WL 5934522, at *5 (M.D. Fla. Oct. 9, 2015)). If a witness is not required to provide a written report, then the disclosure must contain "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and

opinions to which the witness is expected to testify." Fed.
R. Civ. P. 26(a)(2)(C). But, Rule 26(a)(2)(C) requires more
than the production of records. <u>Sweat</u>, 2015 WL 8270434, at *2
(citing <u>Jones v. Royal Caribbean Cruises, Ltd.</u>, No. 12-20322-
CIV, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4,
2013)(concluding that plaintiff's production of medical
records from his treating physician was insufficient to
satisfy Rule 26(a)(2)(C))).

### III. **Analysis**

State Farm argues that because Bostick did not also
disclose her treating physicians in her Rule 26(a)(2)
Disclosures, the treating physicians' testimony should be
excluded entirely. Alternatively, State Farm argues that the
treating physicians' testimony should be limited to only lay
and fact testimony regarding their observations through the
course of Bostick's treatment. Bostick counters that treating
physicians do not need to provide Rule 26(a)(2)(B) expert
reports, and should therefore be allowed to testify.

On February 14, 2017, Bostick served her Rule 26(a)(2)
Disclosures, which listed five expert witnesses and did not
include any of the 19 treating physicians. (Doc. # 53-3).
Bostick concedes she did not comply with Rule 26(a)(2)(B) in
filing expert reports by her treating physicians. (Doc. # 55

at 4-5). Further, Bostick's April 20, 2017, Amended Rule 26(a)(1) Disclosures do not satisfy Rule 26(a)(2)(C)'s requirements. The production of the witnesses' names along with the fact that they will testify as to "damages" is insufficient to meet even the lower standard of Rule 26(a)(2)(C).

The Court concludes that Bostick did not need to file 26(a)(2)(B) expert reports to have her treating physicians testify. Under the plain language of Rule 26(a)(2)(B), Bostick's treating physicians were not required to provide written reports because they were not retained or specially employed to provide expert testimony. Still, Bostick was required to comply with Rule 26(a)(2)(C) for the treating physicians to testify beyond observations made during the course of their treatment. Because Bostick failed to meet the requirements of 26(a)(2)(C), her treating physicians' testimony shall be limited to facts and observations made during the course of treatment. In other words, the treating physicians will be treated as lay witnesses.

Bostick requests that "this Court allow the opportunity to cure any inadequacy rather than grant either of the harsh sanctions requested by Defendant." (Doc. # 55 at 6). But, State Farm correctly points out that "plaintiff disclosed

multiple non-treating expert opinions, and disclosed absolutely zero treating physician expert opinions. State Farm was permitted to rely on this disclosure as complete." (Doc. # 56 at 4). The Court agrees.

At this juncture, the Court is not willing to extend the expert disclosure deadline, as it has already done. Bostick has already designated her experts in her Rule 26(a)(2) Expert Disclosure, which lists five retained expert witnesses: Randall R. Benson, MD; Christopher N. Leber, MD; Steven J. Koontz, PE; and Robert W. Johnson and James A Mills, forensic economists. (Doc. # 53-2). If the Court were to allow Bostick to add additional experts, State Farm would be entitled to rebuttal witnesses and discovery would have to be reopened. Allowing Bostick leave to supplement at this late juncture would undermine the goals espoused in Rule 1 of the Federal Rules of Civil Procedure, namely the speedy, just and inexpensive determination of every cause. It is worth noting that the pretrial statement, including jointly proposed jury instructions, verdict forms, and witness lists, is due on August 10, 2017. The Court is not in a position to allow the parties to supplement witness disclosures at this late stage.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

State Farm's Motion to Exclude Bostick's Treating Physicians from Testifying at Trial or, in the alternative, to Limit Their Testimony (Doc. # 53) is **GRANTED IN PART** and **DENIED IN PART** such that Bostick's treating physicians may testify only as to observations made during the course of treatment.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of July, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE