UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA N. BOSTICK,

    Plaintiff,

v.	Case No. 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

    This cause is before the Court pursuant to Plaintiff Lisa N. Bostick's Motion to Limit the Testimony of Defendant's Expert Witness, Ronald J. Fijalkowski, Ph.D. (Doc. # 60), filed June 1, 2017. Defendant, State Farm Mutual Automobile Insurance Company, filed a Response in Opposition to Plaintiff's Daubert Motion on July 3, 2017, (Doc. # 73). For the reasons that follow, the Court denies the Motion.

**I.  Background**

    After sustaining injuries in a November 14, 2013, car accident, Bostick filed a state court action against State Farm for breach of contract in which she seeks recovery of uninsured motorist benefits. (Doc. # 2). State Farm removed

the case to this Court on June 2, 2016, under 28 U.S.C. § 1332. (Doc. # 1).

State Farm retained expert witness, Ronald J. Fijalkowski, Ph.D., a biomechanical and biomedical engineer, and properly disclosed his identity to Bostick on March 10, 2017. (Doc. # 60 at 1). Dr. Fijalkowski was retained to assist the jury in understanding the mechanics and biomechanics of the car accident, including the forces involved, levels of force reasonably necessary to result in certain injuries, the likelihood of injury to Bostick, and any other opinions arising out of his review of reports and incident-related documentation. (Id.).

## II. Discussion

Bostick contends that Dr. Fijalkowski's methodology is flawed because Dr. Fijalkowski failed to take into consideration Bostick's idiosyncratic features. (Doc. # 60 at 12). Bostick requests that the Court limit Dr. Fijalkowski's testimony to discussion of the forces involved in the collision because he is not a medical doctor. (Id.). Bostick particularly objects to Dr. Fijalkowski providing causation testimony.

In its response, State Farm explains that Dr. Fijalkowski "did not utilize a 'one size fits all' statistical

2

analysis, and that he 'had to account for her [specific] biomechanical attributes.'" (Doc. # 73 at 8). Further, Dr. Fijalkowski "will not be opining as to prognosis, diagnosis, nor treatment for same. Dr. Fijalkowski will opine as to biomechanical/biomedical causation of injury, as well as mechanism of injury; however, he will not 'go beyond the typical expertise of a biomechanical engineer.'" (Doc. # 73 at 6).

Federal Rules of Evidence Rule 702, which governs the admissibility of expert testimony, states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

When a party raises an objection to an expert's testimony, the Court must perform its gatekeeping duties to determine whether the expert testimony "is not only relevant, but reliable." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 589 (1993). When deciding Daubert issues, the trial judge has broad discretion in how the review is conducted. Kumho Tire

Co. v. Carmichael, 526 U.S. 137, 152 (1999). Usually, "the rejection of expert testimony is the exception rather than the rule." See Advisory Committee Notes to the 2000 Amendment to Rule 702.

The Eleventh Circuit has adopted a three-part analysis for determining whether expert testimony is admissible under Daubert and Rule 702:

> To fulfill their obligation under Daubert, district courts must engage in a rigorous inquiry to determine whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Rink v. Cheminova, Inc., 400 F.3d 1286, 1291–92 (11th Cir. 2005) (internal citations omitted). The party offering the expert has the burden of satisfying each of these elements by a preponderance of the evidence. Id. at 1292; see also Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999).

### A. Dr. Fijalkowski is Qualified

State Farm included Dr. Fijalkowski's CV as an exhibit to its response. (Doc. # 73-1). Dr. Fijalkowski is a biomedical engineer with a Ph.D. in biomedical engineering

4

from Marquette University. (Id.). His scientific research has focused on trauma biomechanics, with specialties in injury causation biomechanics, brain injury biomechanics, spinal biomechanics, sports biomechanics, human injury mechanisms, human tolerance thresholds, vehicular accident reconstruction, and diffuse brain injury. (Id.). Dr. Fijalkowski is a member of the Biomedical Engineering Society, Society of Automotive Engineers, International Society of Biomechanics in Sports, and American Society of Mechanical Engineers. (Id.). Dr. Fijalkowski is also a member of the Industry Affairs Committee within the Biomedical Engineering Society. (Doc. # 73-2). Further, Dr. Fijalkowski has published eight peer-reviewed publications, which focus on spine and brain injury. (Doc. # 73-1).

Based on these credentials, Bostick does not challenge the qualifications of Dr. Fijalkowski as an expert in the field of biomechanics. Therefore, the Court concludes that Dr. Fijalkowski is qualified to testify competently regarding his findings in the biomedical and biomechanical engineering report on Bostick. The first prong of the Daubert analysis is satisfied.

    **B.**    **Dr. Fijalkowski's Methodology**

The methodology used by Dr. Fijalkowski is reliable, peer-reviewed, and scientifically accepted. (Doc. # 73 at 8). Dr. Fijalkowski described his five step peer reviewed and generally accepted methodology in his deposition:

> The first of which is to evaluate how severe that collision is and then focus in on identifying the injuries that were diagnosed by the treating physicians. So[,] in this case, it's just simply reviewing the medical records to identify those diagnoses. The third step is to evaluate the response of Dr. Bostick in response to those forces; so how did her body move, how much force was applied to different components of her body, and did those forces – were they applied in the right direction and were they hard enough to create the injury mechanism to cause those injuries in the context of human tolerance and her unique biological attributes.

(Id. at 9-10). Dr. Fijalkowski's report includes 137 footnotes in support of his methodology. (Id.).

Bostick points out that the methodology Dr. Fijalkowski utilized does not take into account Bostick's unique circumstances, such as her measurements or body size; the testimony of before-and-after witnesses; or whether the fact that Bostick is a female was part of the analysis. (Id. at 11). However, the "one size fits all" approach complained of by Bostick is contrary to Dr. Fijalkowski's analysis in this matter. State Farm alleges in its reply that Dr. Fijalkowski's

6

methodology took into account "her age and body type inside of the specific vehicle that she was utilizing at the time of the subject accident." (Id. at 10).

Bostick's issues with Dr. Fijalkowski's methodology do not justify an order limiting or excluding his testimony. In Taylor, Bean & Whitaker Mortg. Corp. v. GMAC Mortg. Corp., No. 5:05-cv-260-Oc-GRJ, 2008 WL 3819752, at *5 (M.D. Fla. Aug. 12, 2008), the court noted:

> [T]hese arguments go more to the weight of the evidence, than the admissibility of the evidence under Daubert. The Court need not determine that the expert [defendant] seeks to offer into evidence is irrefutable or certainly correct. The certainty and correctness of [the expert's] opinion will be tested through cross-examination and presentation of contrary evidence and not by a Daubert challenge. Indeed the Court's role as gatekeeper is not intended to supplant the adversary system or the role of the jury.

Id.

The reasoning adopted in Taylor, Bean & Whitaker is applicable here. Although Dr. Fijalkowski may not have taken into account all of Bostick's unique attributes, Bostick has not shown that Dr. Fijalkowski's testimony is unsound. (Doc. # 59 at 1-2). Bostick should resolve her challenges to the expert's methodology through the adversary system. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional

7

and appropriate means of attacking shaky but admissible evidence." Allison, 184 F.3d at 1311-12 (quoting Daubert, 509 U.S. at 596).

The Court concludes that Dr. Fijalkowski's methodology is sufficiently reliable and satisfies the second factor of the Daubert analysis.

### C. Dr. Fijalkowski Will Assist the Trier of Fact

Expert testimony is helpful to the trier of fact "if it concerns matters that are beyond the understanding of the average lay person." United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004). In other words, "[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262–63.

Dr. Fijalkowski has been a biomechanical engineer for over fourteen years. (Doc. # 73 at 13). Dr. Fijalkowski has a Ph.D. in the subject matter and continues his research through peer-reviewed publications. (Doc. # 73-1). Given Dr. Fijalkowski's experience and the complexity inherent in the field of biomechanics, it is unlikely that the average lay person possesses the education and training necessary to understand the analysis and methodologies used by Dr. Fijalkowski. Therefore, courts have routinely accepted

biomechanical expert opinion testimony. See, e.g., Berner v. Carnival Corp., 632 F. Supp. 2d 1208 (S.D. Fla. 2009)(authorizing biomechanical engineer to testify as to causation in personal injury case in which plaintiff claimed traumatic brain injury). Thus, the Court finds that Dr. Fijalkowski's testimony will assist the trier of fact and denies the Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff Bostick's Motion to Limit Defendant's Expert Witness, Ronald J. Fijalkowski, Ph.D. (Doc. # 60) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of July, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE