```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LISA N. BOSTICK,

    Plaintiff,

v.                             Case No. 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

### ORDER

This matter is before the Court upon consideration of Defendant State Farm Mutual Automobile Insurance Company's First Omnibus Motion in Limine (Doc. # 57), filed on June 1, 2017. Plaintiff Lisa N. Bostick filed her Response (Doc. # 67) on June 15, 2017. For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

**I.   Background**

After sustaining injuries in a November 14, 2013, car accident, Bostick filed a state court action against State Farm for breach of contract in which she seeks recovery of uninsured motorist benefits. (Doc. # 2). State Farm removed the case to this Court on June 2, 2016, predicated upon complete diversity of citizenship. (Doc. # 1).  The case is

set for a jury trial during the Court's September 2017 trial term. At this juncture, State Farm has filed a Motion in Limine addressing a wide range of trial issues.

## II.  Legal Standard

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co, No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial

2

of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998; see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

**III. Discussion**

    **1. Payment of Premiums and "Customer Loyalty"**

State Farm argues that Bostick "should be prohibited from making any statement suggesting that [she] properly paid insurance premiums, or that she had always been a 'good insured' or loyal to State Farm or similar arguments." (Doc. # 57 at 2). Bostick has no objections to this request. (Doc. # 67 at 2). Therefore, this portion of State Farm's motion in limine is moot.

**2. Limiting Before and After Witnesses**

State Farm contends that Bostick's use of ten before and after witnesses will be cumulative, excessive, and will unnecessarily protract the proceedings. (Doc. # 57 at 3). Bostick responds that each witness is relevant to establishing the presence of different symptoms from her alleged brain injury and how she has changed after the accident. (Doc. # 67 at 2-3).

During the Pretrial Conference scheduled for August 17, 2017, the Court will determine whether Bostick's use of ten before and after witnesses is cumulative or relevant. Based on the limited briefing, the Court does not see a reason to limit the number of witnesses for either party. The Court therefore denies State Farm's motion in limine on this issue, but will adjust this ruling if supplied with information that justifies the curtailment of such witnesses.

### 3. "Golden Rule" Arguments and "Reptile Strategy"

State Farm moves to preclude Bostick from utilizing "Reptile Strategy" or making "Golden Rule" arguments. (Doc. # 57 at 5). As explained by State Farm, "[t]he premise of the Reptile Strategy is rooted in psychology – that jurors, as humans, have brains consisting of various parts, one of which the strategy proponents refer to as the 'reptilian brain.' The belief is that the reptilian brain instinctively overpowers the cognitive and emotional parts of the brain when life and safety become threatened." (Doc. # 57 at 5). State Farm alleges that Bostick will argue to jurors "that they have the power to improve the safety of themselves, their family members, and their community by holding the Defendant accountable and responsible, and by rendering a verdict that will reduce or eliminate a dangerous conduct in the community." (Id.). "Instead of focusing on legal duties and generally accepted standards of care, the Reptile Strategy seeks to influence jurors by passion and emotion." (Id. at 6). Bostick "agree[s] that reptiles do not belong in court" (Doc. # 67 at 4), and contends that State Farm, in advancing the Reptile Strategy argument, is unfairly attempting to undermine the efficacy of her advocacy. (Doc. # 67 at 4). The Court finds that Bostick should be permitted to "discuss

5

applicable legal remedies and their purpose in a way that lay jurors will understand." (Id.). The Court therefore denies the Motion in Limine to the extent it seeks to limit Bostick's counsel from making community and safety arguments that may trigger an emotional response from jurors.

"The straight golden rule argument -- 'put yourself in the shoes of my client,' clearly has been banned by binding precedent." Colman v. Home Depot U.S.A., Inc., No. 1:15-cv-21555-UU, 2016 U.S. Dist. LEXIS 121445, at *3 (S.D. Fla. Feb. 9, 2016) (quoting Woods v. Burlington N. R.R. Co., 768 F.2d 1287, 1292 (11th Cir. 1985), *overruled on other grounds by* Burlington N. R.R. Co. v. Woods, 480 U.S. 1 (1987)). Beyond golden rule arguments, State Farm cannot prevent Bostick from asking the jury to consider community safety standards and the extent that State Farm allegedly failed to comply with those standards. See Id. at *3-4. This inquiry is fundamental to the underpinnings of tort law. Therefore, State Farm's motion in limine is granted in part (as to the Golden Rule).

### 4. Improper Statements and Questions during Voir Dire

State Farm argues that Bostick will pose improper hypothetical questions to potential jurors during voir dire. (Doc. # 57 at 11-12). Bostick agrees that "hypothetical questions are not appropriate when their only purpose is to

6

have jurors indicate in advance what their decision will be under a certain state of the evidence, or upon a certain state of facts and to seek a commitment from jurors if certain facts are shown." (Doc. # 67 at 6).  Thus, it appears that the Motion in Limine is moot on this issue.

The Court takes the opportunity to remind the parties that voir dire questions are scheduled to be sent to the Court on August 10, 2017, per the Amended Case Management and Scheduling Order. (Doc. # 41 at 2). The parties are instructed to include a single set of jointly-proposed questions for the Court to ask the venire during voir dire in the Joint Final Pretrial Statement. If the parties cannot agree as to the voir dire questions, objections should be marked clearly in the joint statement. The Court will address any objections to proposed voir dire questions either at the Pretrial Conference or the morning of trial.

### 5. Inflammatory Conduct

State Farm seeks to prevent Bostick's counsel from "slamming down . . . exhibits, and [making] angry or disgusted facial expressions." (Doc. # 57 at 12). Bostick agrees to "abide by the rules of professionalism and ethics." (Doc. # 67 at 7). State Farm's motion in limine to prevent such inflammatory conduct is therefore moot.

7

State Farm further seeks to prevent Bostick from making emotional displays to the jury. (Doc. # 57 at 13). If it becomes necessary, the Court will handle these types of objections during trial. The Court reminds counsel that the Local Rules contain requirements for decorum and apply to the situation presented as follows: "Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited." Local Rule 5.03(b)(16), M.D. Fla.

**6. Personal Life Experiences and Beliefs**

State Farm seeks to prevent Bostick's counsel and witnesses from making "any statement reflecting his/her personal belief in the justness of the cause, the credibility of witnesses, or his/her personal knowledge of the facts in issue." (Doc. # 57 at 13). The Court grants State Farm's request. See United States v. Corona, 551 F.2d 1386, 1391 (5th Cir. 1977).

State Farm also seeks to prevent Bostick's counsel from making any reference "to their own medical issues or medical assistive devices, such as: hearing loss and the use of hearing aids, memory loss and the use of memory cues, and/or

8

orthopedic assistive devices." (Doc. # 57 at 13). Alejandro Blanco, Esq., Bostick's counsel, uses hearing aids. He posits that he "should be allowed to explain to the jury why his loss of hearing may impact his understanding and reaction to the proceedings." (Doc. # 67). At this preliminary juncture, the Court sees no reason why counsel should be barred from giving a short and to the point explanation of their use of a hearing aid, or other device, if that issue presents itself during the trial. The Court will address this during the trial, if it comes up, and State Farm can make objections at that time.

**7. Bostick Leaving the Courtroom**

Bostick has made known her intention to vacate the courtroom during certain testimony (for example, medical testimony regarding her alleged injuries) because she finds the testimony to be stressful and personally damaging. Bostick would like to alert the jury that she is leaving during the testimony because she believes that hearing such testimony would be emotionally harmful.

There are no restraints on Bostick's personal freedom. She has the option of leaving the proceedings at any point in which she is too troubled to hear the testimony. However, the Court encourages Bostick to leave in a non-disruptive

9

manner that shows respect for the proceedings and the jurors. As for providing an explanation to the jury regarding her absence from the trial, the Court invites the parties to come up with language that reflects the situation but does not call attention to any item of evidence nor prejudice either side. The parties are directed to work together to come up with appropriate language on this issue and should advise the Court of their suggested language during the scheduled Pretrial Conference.

**8. Impermissible Hearsay Statements**

State Farm recounts numerous instances during Bostick's deposition and examination under oath in which she made hearsay statements. As an example, State Farm includes the following statement: "I would write the answer on the board and the students would say, Dr. Bostick, that's not the right answer." (Doc. # 57 at 15). The Court notes that both sides are represented by experienced trial counsel. The Court does not need to address anticipatory hearsay statements, and State Farm can make appropriate objections to hearsay during trial. State Farm's motion in limine is denied without prejudice.

### 9. Spontaneous and Nonresponsive Utterances

State Farm seeks to prevent Bostick from making "spontaneous and unresponsive statements and utterances" during trial. (Doc. # 57 at 17). As an example, State Farm quotes Bostick's statement during her examination under oath that: "See, that's how stupid I am with this brain I got." (Doc. # 57 at 17). Bostick asserts in her response that her spontaneous and nonresponsive statements are actually evidence of her brain injury and are beyond her control. (Doc. # 67 at 9).

Whether Bostick suffers from a brain injury is a disputed issue. The Court is charged with maintaining control over the proceedings, and will be in the best position to address any unresponsive statements or utterances during the course of the proceedings. Each witness has a unique manner of expressing themselves, and this Court is in no position to define the parameters of a witness's communication style. That said, the Court will carefully maintain control over the proceedings to prevent inflammatory and prejudicial statements being made during the course of the trial.

### 10. Damages of Non-Parties

Although witness lists have not yet been provided to the Court, it is anticipated that friends and family members plan

to testify on Bostick's behalf.  State Farm moves to prevent non-party witnesses, for example Bostick's husband, from testifying "as to how Plaintiff's alleged injuries and damages have affected or impacted" him. (Doc. # 57 at 18). State Farm argues "such testimony would be irrelevant, and any relevance it may have should be excluded pursuant to Fed. R. Civ. P. 403." (Id.).

Bostick, on the other hand, contends that "the impact the . . . injuries have had on Mrs. Bostick's relationship[s] . . . are certainly relevant to the damages experienced as emotional distress." (Doc. # 67 at 10).  The testimony State Farm identifies has not yet been squarely put before the Court, and the Court cannot anticipate the nature or extent of the supposed prejudice to State Farm that such testimony could inflict.  The better course is to allow the Court to conduct the Rule 403 analysis during the trial.

**11. Bad Faith**

State Farm next moves to prevent questioning about its claims handling practices, or the claims handling in this case. (Doc. # 57 at 19). Bostick agrees that this is not a case for bad faith and she will not bring up these issues. (Doc. # 67 at 11). State Farm's motion in limine is accordingly moot as to this point.

**12. Treating Physicians**

State Farm seeks to prevent Bostick's treating physicians from testifying as to causation, injury permanency, or cost of future medical care. (Doc. # 57 at 19). The Court has addressed this request in its Order dated July 5, 2017. (Doc. # 74). The Court declines to reiterate its prior order and expects the parties to adhere to the limits set by the Court's July 5, 2017, Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant State Farm Mutual Automobile Insurance Company's First Omnibus Motion in Limine (Doc. # 57) is **GRANTED IN PART AND DENIED IN PART** as articulated herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of July, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE