UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA N. BOSTICK,

       Plaintiff,

v.                           Case No. 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

**<u>ORDER</u>**

Lisa N. Bostick, a University of Tampa Professor, was involved in a car accident on November 14, 2013. She claims to have suffered catastrophic and debilitating injuries, including a traumatic brain injury. Her insurer, State Farm, on the other hand, characterizes the accident as a mere fender-bender with little to no damage to person or property. The Court held the final pretrial conference on August 17, 2017, and a jury trial is scheduled for October 16, 2017.

At this juncture, State Farm seeks an Order striking newly disclosed witnesses. (Doc. # 89). Bostick filed a Response in Opposition to the Motion (Doc. # 98) on August 31, 2017. The Motion is granted as explained below.

**I.    <u>Background</u>**

Bostick filed a state court complaint against State Farm on February 9, 2016, alleging breach of contract and seeking recovery of uninsured motorist benefits stemming from the

November 14, 2013, car accident. (Doc. # 2). State Farm removed the case on June 2, 2016, predicating subject matter jurisdiction on complete diversity of citizenship. (Doc. # 1). Bostick filed a Motion to Remand, which the Court denied. (Doc. ## 11, 20).

The Court held a Case Management Hearing and entered its Case Management and Scheduling Order on June 29, 2016. (Doc. # 13). The Court established December 19, 2016, as the deadline for Bostick to disclose expert reports and January 23, 2017, as the deadline for State Farm's expert report disclosure. (Id.). The Court set the discovery deadline as February 28, 2017. (Id.). Thereafter, the Court set the mediation for January 11, 2017, with Robert Lancaster, Esq. (Doc. # 17).

On the eve of the January 11, 2017 mediation, the parties were unable to reach an agreement regarding a Compulsory Examination of Bostick under Federal Rule of Civil Procedure 35. (Doc. ## 22, 23, 26, 27, 28, 30, 31). In an Order issued on December 13, 2016, the Magistrate Judge remarked that "Plaintiff concedes that Defendant can likely demonstrate good cause for the requested examination  and Defendant asserts arguments to show good cause" but concluded that State Farm did not follow the requirements of the

applicable Federal Rules of Civil Procedure. (Doc. # 30).
Ultimately, the mediation was delayed because "the parties
agree that the mediation will not be fruitful until the
results of Plaintiff's medical examination are received."
(Doc. # 32). During that time, the parties also requested
various extensions of all applicable deadlines. (Doc. ## 32,
35, 39). After months of delay, the parties mediated on March
13, 2017, but reached an impasse. (Doc. # 40).

On March 14, 2017, the Court issued an Amended Case
Management and Scheduling Order. (Doc. # 41). Among other
extensions, it augmented the discovery period to April 20,
2017, set an August 17, 2017, pretrial conference, and placed
the case on the September 2017, trial term. (Id.). At the
pretrial conference, the Court scheduled a second mediation
conference for September 29, 2017. (Doc. ## 91, 93).[1] The
Court also moved the case to the October 2017, trial term to
accommodate the parties' scheduling conflicts. (Doc. # 99).

## II. A Parade of Tardy Disclosures

On March 10, 2017, prior to the expiration of the
discovery deadline, State Farm disclosed to Bostick that State
Farm retained Ronald Fijalkowski, Ph.D. and provided Bostick

---

[1] The second mediation took place on September 29, 2017,
and resulted in an impasse.

3

with Fijalkowski's address and credentials.  However, State
Farm did not provide Bostick with Fijalkowski's formal expert
report until April 3, 2017.  The deadline for the disclosure
of Fijalkowski's expert report was March 10, 2017. (Doc. #
35).   Bostick  moved  the  Court  to  strike  Fijalkowski's
testimony based on the untimely disclosure of Fijalkowski's
report.  (Doc. # 45).  The Court denied the Motion on April 7,
2017,  because  Bostick  was  not  prejudiced  by  the  untimely
disclosure of the expert report:

> The  purpose  of  discovery  under  the  Federal
> Rules  of  Civil  Procedure  is  to  require  the  timely
> disclosure  of  relevant  information  to  aid  in  the
> ultimate  resolution  of  disputes  in  a  civil  action.
> United  States  v.  Procter  &  Gamble  Co., 356 U.S.
> 677, 682 (1958).   These  Rules  "make  a  trial  less  a
> game  of  blindman's  bluff  and  more  a  fair  contest
> with  the  basic  issues  and  facts  disclosed  to  the
> fullest  practicable  extent."  Id.   "The  concept  of
> trial  by  ambush  has  long  ago  fallen  into  desuetude
> in  both  state  and  federal  courts."  Perfect  Web
> Techs.  v.  InfoUSA,  Inc., No. 07-80286, 2008 U.S.
> Dist.  LEXIS  20761,  at  *4-5  (S.D.  Fla.  Mar.  17,
> 2008).
> Here, the expert was timely disclosed, but his
> report  was  not  turned  over  until  after  the
> deadline.   Although  the  Court  does  not  condone
> tardy  disclosures  of  expert  reports,  it  finds  that
> State  Farm's  delay  was  substantially  justified.
> And, **because the discovery deadline has not yet
> expired, Bostick has the opportunity to gather
> relevant  information  from  Fijalkowski  to  fully
> investigate his testimony and theories.   Had the
> expert report been disclosed after the discovery
> deadline, the result would be different.**

(Doc. # 48).

At this juncture, State Farm seeks to strike five new witnesses based on Bostick's untimely disclosure: Steven "Rusty" Nisbet, Dr. Steven Wu, Ph.D., Dr. Richard Frederick, Ph.D., Dr. Shelley Tindell-Nodine, and Dr. Alamelu Murugappan, M.D. (Doc. # 89). Bostick responded by withdrawing Nisbet and Dr. Frederick. Thus, the Court will focus on Dr. Tindell-Nodine, Dr. Murugappan, and Dr. Wu.

### III. <u>Legal Standard</u>

Rule 37(c), Fed. R. Civ. P., provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As explained in <u>Mitchell v. Ford Motor Co.</u>, 318 Fed. Appx. 821, 824 (11th Cir. 2009), "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Furthermore, "in determining whether the failure to disclose was justified or harmless, [the Court] consider[s] the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." <u>Lips v. City of Hollywood</u>, 350 Fed. Appx. 328, 340 (11th Cir.

2009).

## IV. **Analysis**

During her February 2, 2017, deposition, Bostick made mention of Dr. Tindell-Nodine and, in response to the Motion to Strike, Bostick explains that Dr. Tindell-Nodine "helps Dr. Bostick with her feelings of insecurity and suicidal ideation." (Doc. # 97 at 3). Bostick did not include Dr. Tindell-Nodine in any "formal documents entitled Rule 26 Disclosures." (Id.). Similarly, Dr. Murugappan "is a neurologist with Tampa Bay Neurology Clinic, Inc." (Id. at 5). Dr. Murugappan started treating Bostick on October 13, 2016, and Botick mentioned Dr. Murugappan during her February 2, 2017 deposition, but did not formally disclose her as a witness.

The Court strikes Dr. Tindell-Nodine and Dr. Murugappan because Bostick did not disclose these individuals as witnesses until August 7, 2017. As explained by State Farm, neither Dr. Tindell-Nodine nor Dr. Murugappan "were included in Plaintiff's Initial, First Amended, or Second Amended Rule 26 Disclosures." (Doc. # 89 at 4). The discovery deadline passed on April 20, 2017, and it is too late to re-open discovery in an effort to allow State Farm the opportunity to depose these physicians.

The Court also strikes Dr. Wu. Bostick explains that Dr. Wu is a new treatment provider, specifically he "is a psychologist who began seeking Dr. Bostick on March 14, 2017." (Doc. # 98 at 2). Bostick plans to call Dr. Wu to testify as to "Damages – Treatment for psychological distress from accident and life stressors." (Doc. # 89 at 2). However, Dr. Wu's care of Bostick began prior to the expiration of the April 20, 2017, discovery deadline, and, as such, there is no reason for Bostick to have waited until June 21, 2017, to disclose Dr. Wu's identity to State Farm. As with Dr. Tindell-Nodine and Dr. Murugappan, Bostick's decision to name Dr. Wu as a witness after the expiration of the discovery deadline deprived State Farm of the option of deposing these physicians. As articulated by State Farm, "Plaintiff's unreasonably late disclosures of the aforementioned witnesses **severely and irreparably prejudices Defendant** in the preparation of its case for trial, as Defendant has no ability to depose them, or complete any sort of significant discovery, while conforming with this Court's Amended Case Management and Scheduling Order." (Doc. # 89 at 4)(emphasis in original).

The disclosure of medical providers in a car accident case months after the passage of the discovery deadline and on

the eve of trial is the quintessential "trial by ambush" tactic. Bostick has not provided any justification for her untimely attempt to introduce witnesses at the last minute and without the opportunity for discovery from the witnesses. As noted, the result of allowing Dr. Tindell-Nodine, Dr. Murugappan, and Dr. Wu to testify would be severe prejudice to State Farm.

The Court takes note of the fact that Bostick already has a plethora of "will call" and "may call" physician witnesses. Ten of the thirty witnesses Bostick lists in the August 10, 2017, pretrial statement are health care providers. (Doc. # 83 at 5-7). In addition to these thirty witnesses, Bostick also has four retained expert witnesses. Two of her expert witnesses are physicians. Bostick has a battalion of treating physicians and medical experts at the ready. It would be an unfair and prejudicial surprise to allow her to enlist additional witnesses at this late juncture. The Motion to Strike is thus granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant State Farm Mutual Automobile Insurance Company's Motion to Strike Plaintiff's Newly Disclosed

Witnesses (Doc. # 89) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>10th</u> day of October, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE