UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA N. BOSTICK,

    Plaintiff,

v.    Case No. 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

### **ORDER**

This matter comes before the Court pursuant to Plaintiff Lisa N. Bostick's Motion for Reconsideration (Doc. # 107), which was filed on October 12, 2017. Defendant State Farm Mutual Automobile Insurance Company filed a Response in Opposition (Doc. # 109) on October 13, 2017. The Court denies the Motion.

### **I.**   **Legal Standard**

Bostick's Motion will be decided under Rule 59(e) of the Federal Rules of Civil Procedure because the Motion was filed within 28 days of entry of the Order she challenges. Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "a motion for reconsideration must demonstrate why the court should reconsider its past decision

and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "this Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at *9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11. (citation omitted).

## II. **Analysis**

Here, Bostick does not assert that there has been an intervening change in controlling law. Nor does she contend that she has discovered new evidence that should be presented

2

to the Court. Instead, Bostick re-asserts the arguments that she previously presented in response to State Farm's Motion to Strike. The Court carefully scrutinized Bostick's arguments and addressed these arguments in the Order granting the Motion to Strike. Bostick has not raised a new ground and has not persuaded the Court that it reached an erroneous decision.

In the Order granting State Farm's Motion to Strike, the Court highlighted that Bostick did not disclose Dr. Shelley Tindell-Nodine as a witness prior to the filing of the pretrial statement. Specifically, Bostick did not advise State Farm that she intended to call Dr. Tindell-Nodine as a witness until August 7, 2017. (Doc. # 106 at 6). It is not contested that Dr. Tindell-Nodine was not "included in Plaintiff's Initial, First Amended, or Second Amended Rule 26 Disclosures." (Id.). The discovery deadline passed on April 20, 2017, and it would be unfair to allow Bostick to call upon Dr. Tindell-Nodine because she is a surprise witness.

Bostick contends that State Farm has been aware of Dr. Tindell-Nodine's existence since as early as May of 2016, when the case was still pending in state court. At that early stage of the litigation, Bostick provided State Farm with relevant medical records. (Doc. # 107 at 1). Bostick also recites all of the times she made State Farm aware of Dr. Tindell-Nodine's

course of treatment and explains that one of State Farm's witnesses relies on Dr. Tindell-Nodine's records. (<u>Id.</u> at 2). However, being aware of an individual's existence and understanding that an individual has been designated as a trial witness are two entirely separate concepts.

The inclusion of Dr. Tindell-Nodine as a witness at this juncture would severely prejudice State Farm due to State Farm's "inability to depose her, engage in any sort of significant discovery related to her, as well as the extent and history of her specific practice." (Doc. # 109 at 2). And, with the jury trial scheduled to begin in one business day, it is too late to re-open discovery in an effort to allow State Farm the opportunity to conduct discovery regarding Dr. Tindell-Nodine. The Court reiterates its admonition that it will not allow a trial by ambush. Bostick's Motion for Reconsideration is therefore denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff Lisa N. Bostick's Motion for Reconsideration (Doc. # 107) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u> day of

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

October, 2017.