UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA N. BOSTICK,

      Plaintiff,

v.                                 Case No.: 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

State Farm Mutual Automobile Insurance Company ("State Farm") moves for an award of attorneys' fees.[1] (Doc. 155). Lisa N. Bostick opposes the request. (Doc. 160).

## I.      BACKGROUND

Ms. Bostick brought this action in state court against her insurance carrier, State Farm, alleging breach of contract for failure to provide uninsured motorist coverage for damages arising from an automobile accident. (Doc. 2). State Farm removed the action to this court on the basis of federal diversity jurisdiction. (Doc. 1).

State Farm served Ms. Bostick with a $100,000.00 Proposal for Settlement. (Doc. 155-1). Ms. Bostick did not accept the proposal for settlement. The action proceeded to a jury trial and the jury returned a verdict in favor of State Farm. (Doc. 140). Thereafter, a final judgment was entered in favor of State Farm. (Doc. 145).

State Farm requests an order awarding its attorneys' fees incurred after service of the

---

[1] This matter was referred to the undersigned for consideration and a Report and Recommendation. *See* Local Rule 6.01(a), M.D. Fla.

proposal for settlement.  (Doc. 155).  Ms. Bostick responds that State Farm's proposal for settlement did not constitute a good faith offer and ambiguities within the proposal render it unenforceable.  (Doc. 160).

## II.   ANALYSIS

State Farm seeks to recover $250,000.00 in attorneys' fees incurred in the defense of this action after service of the proposal for settlement.  (Doc. 155).  In considering a motion for attorneys' fees, "the threshold issue ... is always entitlement."  *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 WL 343905, *2 (M.D. Fla. January 6, 2017).

### A.    State Farm's Entitlement to Attorneys' Fees

State Farm seeks recovery of its attorneys' fees pursuant to Fla. Stat. § 768.79 and Fed. R. Civ. P. 68.  In pertinent part, § 768.79 provides:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him ... from the date of filing of the offer if the judgment is one of no liability ....

Fla. Stat. § 768.79.  Section 768.69 applies to actions filed in, or removed to, federal court in Florida.  *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008).  Similarly, Rule 68 provides that, if a settlement offer is rejected and thereafter the amount recovered is less than the unaccepted offer, "the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).

Entitlement to attorneys' fees is mandatory when the § 768.79 "prerequisites have been fulfilled."  *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 611 (Fla. 1995).  If an offer satisfies the requirements of § 768.79, as this one did, "[t]he sole basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith."

2

*McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002); *see also Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 649 (Fla. 2010).

Ms. Bostick argues that State Farm's proposal for settlement was not made in good faith. Good faith requires "the offeror have some reasonable foundation on which to base an offer." *Schmidt v. Fortner*, 629 So. 2d 1036, 1039 (Fla. Dist. Ct. App. 1993).  As the offeree, the burden is on Ms. Bostick to prove that State Farm's offer lacked good faith.  *See McMahan*, 311 F.3d at 1083.  Thus, the relevant inquiry is whether State Farm had a reasonable foundation at the time the offer was made.[2]

State Farm served its proposal for settlement after disclosure of expert reports and nearing the end of the discovery period.  (*See* Doc. 41).  Therefore, State Farm had a sound basis to evaluate the strengths and weaknesses of the case, and each side knew what the experts had opined and the evidence showed.   Although State Farm's offer was below the policy limits, this is not automatically indicative of bad faith.  *See, e.g., Isaias v. H.T. Hackney*, 159 So. 3d 1002, 1004 n.4 (Fla. Dist. Ct. App. 2015) ("The fact that a proposal for settlement may be 'nominal' does not automatically disqualify it from a characterization as a good faith offer.").  The undersigned cannot find, nor does Ms. Bostick point to, any evidence demonstrating that the proposal for settlement in the amount of $100,000.00 was made in bad faith.

Ms. Bostick also argues that State Farm's proposal for settlement is ambiguous and failed

---

[2] In determining whether an offer was made in good faith, courts can consider the following factors: (1) the then-apparent merit or lack of merit in the claim; (2) the number and nature of proposals made by the parties; (3) the closeness of questions of fact and law at issue; (4) whether the party making the proposal had unreasonably refused to furnish information necessary to evaluate the reasonableness of the proposal; (5) whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties; and (6) the amount of the additional delay, cost, and expense that the party making the proposal reasonably would be expected to incur if the litigation were to be prolonged.  Fla. R. Civ. P. 1.442(h)(2)(A)-(F).

to comply with the requirement of Fla. R. Civ. P. 1.442.  Rule 1.442 sets forth the required form

and content of proposals for settlement.  Specifically, Rule 1.442 requires that a proposal for

settlement:

> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
>
> (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
>
> (C) state with particularity any relevant conditions;
>
> (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
>
> (E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
>
> (F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
>
> (G) include a certificate of service in the form required by rule 1.080.

Fla. R. Civ. P. 1.442(c).

Ms. Bostick argues that Section C of the proposal for settlement is ambiguous in that it

provides, "Acceptance of this Proposal will resolve all damages claimed by [Ms. Bostick] that

would otherwise be awarded in a final judgment against [State Farm] in the above-styled action,

subject to the Federal Rules of Civil Procedure." (Doc. 160, pp. 3-4).  Ms. Bostick contends that

it would be impossible for her to meet this requirement because the controlling law is Section

768.29, Florida States, and not the Federal Rules of Civil Procedure.  (*Id.*).  This argument is

without merit.  Although this is a diversity action, it is still subject to the Federal Rules of Civil

Procedure.

Ms. Bostick also takes issue with Section D of the proposal, which states that "[Ms.

4

Bostick] will timely provide [State Farm], with a Dismissal with Prejudice of all claims as identified in paragraph C above upon receipt for settlement proceeds." (*Id.* at pp. 4-5). Ms. Bostick argues that this language is ambiguous in that it directs her to provide a dismissal to State Farm, but does not require her to actually file the dismissal. (*Id.*). Ms. Bostick's argument is without merit. Certainly, State Farm could undertake the task of filing the dismissal in this action.

Finally, Ms. Bostick argues that State Farm's failure to separately serve the proposal for settlement upon Ms. Bostick's pro hac vice counsel, Alejandro Blanco, renders it unenforceable. (*Id.* at p. 5). Mr. Blanco was granted pro hac vice admission in this action on March 23, 2017. (Doc. 44). Less than a week later, the proposal for settlement was served upon local counsel Michael P. Maddux and Caitlin Elizabeth Costa. (Doc. 55-1, p. 2). It is clear, and Ms. Bostick does not dispute, that she received notice of the proposal for settlement and rejected it. Service upon Ms. Bostick's pro hac vice counsel does not change the outcome here.

State Farm's proposal for settlement complies with the requirement of Fla. R. Civ. P. 1.442. The "ambiguities" Ms. Bostick alleges are extraneous and do not affect the clarity of the offer. Thus, the undersigned recommends the court find that State Farm is entitled to an award of its reasonable attorneys' fees incurred after the proposal for settlement was made to Ms. Bostick.

### B.      Amount of Attorneys' Fees

The initial burden of proof that the fee is reasonable falls on State Farm, who must submit evidence regarding the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). The starting point for deciding the amount of an attorneys' fee award is to determine the "lodestar" figure: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433; *Norman,* 836 F.2d at

1299.  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985).

Here, State Farm failed to present the requisite evidence or argument in support of its request for attorneys' fees in the estimated amount of $250,000.00.  Therefore, the undersigned cannot make a determination as to the appropriate amount of attorneys' fees incurred.  Instead, State Farm should be directed to file a renewed motion with documentation supporting its request for an attorneys' fees award pursuant to the lodestar method.

III.   **CONCLUSION**

Accordingly, after due consideration, it is **RECOMMENDED** that:

1.      Defendant's Motion for Attorney Fees (Doc. 155) be **GRANTED in part** as explained herein;

2.      State Farm be ordered to file an appropriate motion with supporting argument and documentation for the court to establish the amount of reasonable attorneys' fees incurred after the proposal for settlement was made to Ms. Bostick; and

3.      This case shall remain closed.

**Date: January 30, 2018**

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record
District Judge