UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LISA N. BOSTICK,**

    **Plaintiff,**

v.                                              Case No. 8:16-cv-1400-T-33AAS

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

State Farm moves for an award of $245,667.73 in attorney's fees. (Doc. 178). Lisa Bostick objects. (Doc. 180). For the reasons set forth below, State Farm's motion should be **GRANTED in part** and **DENIED in part**. State Farm should be awarded **$236,663.48** in attorney's fees.

**I.    BACKGROUND**

Ms. Bostick sued State Farm for breach of contract to recover uninsured motorist benefits. (Doc. 2). On March 29, 2017, State Farm served Ms. Bostick with a $100,000.00 settlement offer under Section 768.79, Florida Statutes. (Doc. 155-1). Ms. Bostick did not accept State Farm's offer. Months later, the case proceeded to an eleven-day jury trial. (Doc. 139). The jury returned a verdict in State Farm's favor and awarded Ms. Bostick no damages. (Doc. 170).

After the Clerk entered judgment in State Farm's favor (Doc. 145), State Farm moved for its attorney's fees incurred after State Farm served Ms. Bostick its settlement offer. (Doc. 155). The undersigned recommended awarding State Farm attorney's fees incurred after Ms. Bostick failed to accept State Farm's settlement offer, and the court adopted that recommendation. (Docs.

1

169; 175). The only issue remaining is the amount of attorney's fees to award State Farm.[1]

## II.     ANALYSIS

### A.     The Court's Jurisdiction to Determine Amount of Attorney's Fees

Since State Farm submitted its motion for attorney's fees, Ms. Bostick appealed multiple decisions. (Doc. 182). Most relevant here, Ms. Bostick appealed the court's adoption of the undersigned's Report and Recommendation concluding State Farm is entitled to attorney's fees. (*Id.*). Therefore, it is appropriate to determine whether the court has jurisdiction to determine how much to award State Farm while the predicate decision is on appeal.

Filing a notice of appeal divests the district court of jurisdiction over a case. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, divestiture of jurisdiction "does not apply to collateral matters not affecting the questions presented on appeal." *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999) (citations omitted). Motions to award attorney's fees are collateral matters over which the district court retains jurisdiction. *Pinkston v. Univ. of S. Fla.*, 715 F. App'x 877, 880 (11th Cir. 2017) (citations omitted); *see also Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1168 n.10 (11th Cir. 2012) (stating the district court retains jurisdiction over attorney's fees disputes after judgment is entered).

Here, the amount of attorney's fees to award State Farm is collateral to whether State Farm is entitled to attorney's fees in the first place. If the court's decision concluding State Farm is entitled to attorney's fees is reversed, then Ms. Bostick will be unaffected by this Report and

---

[1] In its original motion for attorney's fees, State Farm failed to include documentation or records to support its request for $250,000.00 in attorney's fees. (Doc. 155). The undersigned could not recommend how much to award State Farm because of its lack of documentation; therefore, the undersigned recommended ordering State Farm to submit an appropriate motion with proper documentation to support its requested award. (Doc. 169, p. 6). The court adopted this recommendation. (Doc. 175).

Recommendation and subsequent order. If the court's decision is affirmed, then the analysis in this Report and Recommendation and subsequent order will be unaffected. Therefore, because determining how much to award State Farm does not affect the question Ms. Bostick raised on appeal—namely, whether State Farm is entitled to attorney's fees in the first place—the court retains jurisdiction over State Farm's current motion.

### B. Determining Amount of Attorney's Fees

Although Ms. Bostick began this cause of action in state court, State Farm removed the case due to diversity jurisdiction under 28 U.S.C. Section 1332(a). (Doc. 1). A federal court sitting in diversity applies state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). State Farm moved for attorney's fees under Section 768.79, Florida Statutes. (Doc. 155). Statutes that permit recovery of attorney's fees are substantive law under *Erie*. *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (citations omitted). Therefore, Florida law concerning awards of attorney's fees applies.

Florida uses the federal lodestar approach for calculating attorney's fees. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1146 (Fla. 1985). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 1151; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the lodestar amount, courts must consider the factors in Rule 4–1.5 of the Rules Regulating the Florida Bar. *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 830 n.3 (Fla. 1990). The factors in Rule 4–1.5 are:

> (1) The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;

(4) The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

(5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

(8) Whether the fee is fixed or contingent, and, if fixed as to amount of rate, then whether the client's ability to pay rested to any significance degree on the outcome of the representation.

When calculating the reasonable hourly rate, courts must consider the eight factors in Rule 4–1.5, except "the time and labor required," "the novelty, complexity, and difficulty of the questions involved," "the results obtained," and "whether the fee is fixed or contingent." *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017). Instead, courts consider "the time and labor required" and "the novelty, complexity, and difficulty of the questions involved" when calculating the reasonable number of hours expended. *Id.* at 1126 n.1.

1. Reasonableness of Number of Hours Expended

The first step in the lodestar analysis requires the court to determine the reasonable number of hours the moving party's attorneys expended. *Rowe*, 472 So. 2d at 1150. To prevail in its request for attorney's fees, the moving party should present accurate records that detail the work the attorneys performed. *Id.* Inadequate documentation may result in a reduction in the amount of fees requested. *Id.*; *Hensley*, 461 U.S. at 433. The court may also reduce hours it finds excessive

4

or unnecessary. *Rowe*, 472 So. 2d at 1150.

After the moving party provides sufficient documentation to support an attorney's fees award, the burden shifts to the opposing party to point out with specificity which hours should be reduced. *22nd Century Prop., LLC v. FPH Prop., LLC*, 160 So. 3d 135, 142–43 (Fla. Dist. Ct. App. Apr. 1, 2015) (quotation and citation omitted). Conclusory objections and generalized statements are not given much weight. *Gray v. Lockheed Aeronautical Sys., Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). As a result, hours to which the opposing party fails to object with specificity are accepted as reasonable. *Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1333–34 (M.D. Fla. May 13, 2002) (citations omitted).

Here, Ms. Bostick provided several objections to State Farm's attorney's fees documentation. (Doc. 180, pp. 3–4). The undersigned will address each of Ms. Bostick's objections.

### i.   *Hours Expended on Doctor's Deposition*

Ms. Bostick objects to 1.6 hours attorney Karen A. Barnett expended on planning and preparing for a doctor's deposition. (Doc 180, p. 3). According to Ms. Bostick, because Ms. Barnett failed to note for which doctor's deposition she prepared, those 1.6 hours should be excluded. (*Id.*).

Ms. Barnett's entry on 5/11/2017 states she expended 1.6 hours to "[p]lan and prepare for deposition of Dr." (Doc. 178-3, p. 16). Although Ms. Barnett's entry fails to specify for which doctor's deposition she prepared, the context of her entry makes it clear—Dr. Foley. Entries before and after this 1.6 hours refer to Dr. Foley's deposition. (*Id.*). In fact, on 5/12/2017—the next day—Ms. Barnett has an entry in which she states she prepared for Dr. Foley's deposition. (*Id.*).

5

Therefore, Ms. Barnett's record sufficiently details the hours she expended and State Farm's hours should not be reduced by this 1.6 hours.[2]

        *ii.*  *Hours Expended on Motion to Strike Treating Physicians' Opinions*

Ms. Bostick objects to 9.4 hours State Farm's attorneys expended on a motion to exclude Ms. Bostick's treating physicians' opinions. (Doc. 180, p. 3). Ms. Bostick claims 9.4 hours is excessive given the nature of the work State Farm's attorneys completed.

By the undersigned's calculation, State Farm's attorneys expended 10.8 hours[3] on the motion to exclude Ms. Bostick's treating physicians' opinions. (Doc. 178-3, pp. 13–14, 21). Of the 10.8 hours, State Farm's attorneys expended 7.5 hours on the initial motion to exclude and 3.3 hours on the reply to Ms. Bostick's response. (*Id.*). State Farm's motion to exclude was ten pages and included nineteen pages of exhibits. (Docs. 53; 53-1; 53-2; 53-3). However, about three pages of State Farm's motion contained material copied and pasted from the Federal Rules of Civil Procedure, the Amended Case Management and Scheduling Order, and case law. (Doc. 53). Ms. Bostick's response was nine pages, contained numerous case citations, and included 234 pages of exhibits. (Docs. 55; 55-1; 55-2; 55-3; 55-4; 55-5). State Farm's reply was nine pages and contained numerous case citations. (Doc. 56).

It was not reasonable for State Farm's attorneys to expend 7.5 hours on a ten-page motion (three pages of which consisted of copied and pasted material), but then only expend 3.3 hours on

---

[2] One entry after Ms. Barnett's 1.6 hours refers to Dr. Fijalkowski's deposition. (Doc. 178-3, p. 16). Even if Ms. Barnett's entry on 5/11/2017 referred to Dr. Fijalkowski, and not Dr. Foley, those 1.6 hours should be awarded because State Farm provided sufficient documentation to support those hours.

[3] The 10.8 hours total is the sum of adding six entries on the pages Ms. Bostick cited that include terms like "motion to strike or limit plaintiff's treating physicians [sic] testimony" and "motion to exclude treating physicians from testifying." (Doc. 178-3, pp. 13–14, 21).

a nine-page reply. Therefore, the time State Farm's attorneys expended on the motion to exclude should be reduced by 2.6 hours to better reflect State Farm's work product on the initial motion and reply. Because attorney Paul Chistolini expended the most time on the motion to exclude Ms. Bostick's treating physicians' testimony, the 2.6 hours should be deducted from his total hours.

### iii. Hours Expended on Motion to Exclude Mr. Koontz

Ms. Bostick objects to 17.5 hours State Farm's attorneys expended on a motion to exclude Ms. Bostick's expert Steven Koontz from testifying. (Doc. 180, p. 3). Ms. Bostick argues 17.5 hours is excessive given the nature of the work. (*Id.*).

By the undersigned's calculation, State Farm's attorneys expended 19.2 hours[4] on the motion to exclude Mr. Koontz. (Doc. 178-3, pp. 13–15, 23). Of the 19.2 hours, State Farm's attorneys expended 14.2 hours on the motion to exclude and 5 hours on the reply to Ms. Bostick's response. (*Id.*). State Farm's motion to exclude Mr. Koontz was eleven pages, contained minimal citations to authority, and included thirty pages of exhibits. (Docs. 54; 54-1; 54-2). However, of the eleven pages in the motion, about six pages had material copied and pasted from the Federal Rules of Evidence, Mr. Koontz's expert report, and Mr. Koontz's deposition. (Doc. 54). Ms. Bostick's response was ten pages, contained numerous case citations, and included two pages of exhibits. (Docs. 61; 61-1). State Farm's reply was three pages and contained minimal case citations. (Doc. 68).

It was not reasonable for State Farm's attorneys to expend 14.2 hours on an eleven-page motion that contained mostly copied and pasted material. Therefore, the time State Farm's attorneys expended on the motion to exclude Mr. Koontz should be reduced by 4.2 hours to better

---

[4] The 19.2 hours total is the sum of adding nine entries on the pages Ms. Bostick cited that include the name "Koontz." (Doc. 178-3, pp. 13–15, 23).

reflect the attorneys' work product. The two attorneys who worked on the motion to exclude Mr. Koontz were Paul Chistolini and Starr Brookins. (Doc. 178-3, pp. 13–15, 23). Therefore, Mr. Chistolini's total hours should be reduced by 2 hours and Ms. Brookins's total hours should be reduced by 2.2 hours.

<em>iv.      Hours Expended Preparing for Dr. Benson's Deposition</em>

Ms. Bostick objects to 16.1 hours State Farm's attorneys expended preparing for Dr. Randall Benson's deposition because 16.1 hours is excessive given the nature of the work. (Doc. 180, p. 3).

By the undersigned's calculation, State Farm's attorneys expended 16.3 hours[5] preparing for Dr. Benson's deposition. (Doc. 178-3, pp. 4–5, 7). Dr. Benson was one of Ms. Bostick's expert witnesses. (Doc. 83, p. 8). Dr. Benson provided a thirty-age comprehensive medical report detailing Ms. Bostick's brain injuries. (Doc. 63-1). This cause of action originated from an auto accident in which Ms. Bostick claimed she suffered a traumatic brain injury. (Docs. 1; 63-1, p. 26). It was reasonable for State Farm's attorneys to expend 16.3 hours preparing for a vital deposition of Ms. Bostick's expert witness, who was key to proving Ms. Bostick's alleged brain injury. Therefore, the 16.3 hours State Farm's attorneys expended preparing for Dr. Benson's deposition should not be reduced.

<em>v.      Hours Expended on Motion in Limine</em>

Ms. Bostick objects to 22.7 hours State Farm's attorneys expended on preparing a motion in limine because 22.7 hours is excessive given the nature of the work. (Doc. 180, p. 3).

---

[5] The 16.3 hours total is the sum of adding six entries on the pages Ms. Bostick cited that include the name "Benson." (Doc. 178-3, pp. 4–5, 7).

By the undersigned's calculation, State Farm's attorneys expended 23.6 hours[6] on its motion in limine. (Doc. 178-3, pp. 17–19, 21). State Farm's motion in limine was twenty-four pages and contained voluminous case citations. (Doc. 57). Of the twenty-four pages, about four-and-a-half pages contained material copied and pasted from Ms. Bostick's deposition, Ms. Bostick's examination under oath, and case law. (*Id.*). The court ultimately granted in part State Farm's motion in limine. (Doc. 80). It was reasonable for State Farm's attorneys to expend 23.6 hours on a motion crucial to trial, like a motion in limine. Therefore, the 23.6 hours State Farm's attorneys expended on the motion in limine should not be reduced.

*vi.     Hours Expended on Pretrial Report and Conference*

Ms. Bostick objects to 29 hours State Farm's attorneys expended drafting the pretrial statement and preparing for the pretrial conference. (Doc. 180, p. 3).

By the undersigned's calculation, State Farm's attorneys expended 28.2 hours[7] drafting the pretrial statement and preparing for the pretrial conference. (Doc. 178-3, pp. 30–33, 37, 39, 40, 44). The pretrial statement was twelve pages and the pretrial conference lasted fifty-nine minutes. (Docs. 83; 91). The pretrial statement mostly contained information Ms. Bostick provided. (Doc. 83). Some information State Farm provided included material it could easily draft, like State Farm's "Statement on the Nature of the Action," State Farm's witness list, and the list of motions requiring action by the court. (*Id.*).

---

[6] The 23.6 hours total is the sum of adding seventeen entries on the pages Ms. Bostick cited that include the term "motion in limine." (Doc. 178-3, pp. 17–19, 21).

[7] The 30.7 hours total is the sum of adding twenty-one entries on the pages Ms. Bostick cited that include terms like "Pre-Trial Report," "Pre-Trial Statement," "Pre-Trial meeting," and "pre-trial conference." (Doc. 178-3, pp. 30–33, 37, 39, 40, 44).

Given the non-complex nature of the pretrial statement and short length of the pretrial conference, 28.2 hours is an unreasonable amount of time expended. The time expended by State Farm's attorneys on the pretrial statement and pretrial conference should be reduced to better reflect the nature of the work.

Attorney Starr Brookins expended 15.6 hours on the pretrial statement. (Doc. 178-3, pp. 30–32, 37–39). Ms. Brookins first expended 13.3 hours planning, preparing, and drafting the pretrial statement. (*Id.* at 30–32). Then, Ms. Brookins expended 1.5 hours revising the pretrial statement. (*Id.* at 37, 39). Ms. Brookins also expended .8 hours conferring and corresponding with opposing counsel about the pretrial statement. (*Id.* at 39). The 13.3 hours Ms. Brookins expended drafting the pretrial statement is unreasonable. The 4.4 hours Ms. Brookins expended on 7/26/2017 was enough to prepare and draft the pretrial statement. (*Id.* at 30). Therefore, Ms. Brookins hours should be reduced by the 8.9 hours she expended drafting the pretrial statement after 7/26/2017. (*Id.* at 30–32).

Attorney Karen Barnett expended 5.2 hours on the pretrial statement. (*Id.* at 33, 37, 40). Ms. Barnett expended 2.5 hours meeting with opposing counsel before submitting the pretrial statement. (*Id.* at 33). Then, Ms. Barnett expended .7 hours revising the pretrial statement. (Doc. 178-3, p. 37). Ms. Barnett expended another 2 hours planning and preparing for the pretrial conference. (*Id.* at 40). But, Ms. Barnett did not attend the pretrial conference. (Docs. 91; 178-3, p. 44). Therefore, Ms. Barnett's hours should be reduced by the 2 hours she spent planning and preparing for the pretrial conference.

Attorney William Smoak billed 3 hours preparing for and attending the pretrial conference. (Doc. 178-3, p. 44). However, Mr. Smoak did not attend the pretrial conference. (Doc. 91).

Therefore, Mr. Smoak's hours should be reduced by 3 hours.

Attorney Paul Chistolini expended 4.4 hours on the pretrial conference. (Doc. 178-3, pp. 40, 44). Of those 4.4 hours, Mr. Chistolini expended 2.5 hours preparing for the pretrial conference. (*Id.* at 40). Mr. Chistolini expended 1.5 hours preparing for the pretrial conference on 8/8/2017, then expended 1 hour preparing on 8/17/2017—the day of the pretrial conference. (*Id.* at 40, 44). Mr. Chistolini then expended 1.9 hours attending the conference. (*Id.* at 44). It was unreasonable for Mr. Chistolini to expend 1.5 hours preparing for the pretrial conference nine days before the conference, then expend another hour preparing the day of the conference. Therefore, Mr. Chistolini's hours should be reduced by 1.5 hours.

To summarize: Ms. Brookins's hours should be reduced by 8.9 hours; Ms. Barnett's hours should be reduced by 2 hours; Mr. Smoak's hours should be reduced by 3 hours; and Mr. Chistolini's hours should be reduced by 1.5 hours.

### vii.   *Hours Expended on Trial Preparation*

Ms. Bostick objects to 42.9 hours State Farm's attorneys expended planning and preparing for trial. (Doc. 180, p. 3). Ms. Bostick argues State Farm's attorneys provided no details on what work they completed; therefore, the 42.9 hours should be excluded. (*Id.*).

By the undersigned's calculation, State Farm's attorneys expended 99.2 hours[8] planning and preparing for trial. (Doc. 178-3, pp. 62, 72, 74–78, 83). Of the 99.2 hours, nine entries (totaling 40.4 hours) fail to adequately describe work the attorney performed. (*Id.*). For example, on 10/9/2017, attorney Karen Barnett's entry for 9.5 hours simply states: "Plan and prepare for trial." (*Id.* at 62). In contrast, Ms. Barnett's entry for 5.9 hours on 10/15/2017 states:

---

[8] The 99.2 hours total is the sum of adding twenty-four entries on the pages Ms. Bostick cited that discuss planning and preparing for trial. (Doc. 178-3, pp. 62, 72, 74–78, 83).

> Per specific authority of adjuster & supervisor: prepare for trial – voir dire questions, reviewing & highlighting video taped depo transcript Dr. Tobon per Court's order to inform Court & opp. counsel of objections – need Court to rule before video played to the jury. Telephone conferences with PL counsel to resolve evidentiary issues & trial prep.

(Doc. 178-3, p. 72). The 58.8 hours of entries that include sufficient descriptions like Ms. Barnett's entry on 10/15/2017 are recoverable, but the 40.4 hours of entries that include inadequate descriptions like Ms. Barnett's entry on 10/9/2017 should not be included in State Farm's attorney's fees award. Therefore, the number of hours State Farm's attorneys expended planning and preparing for trial should be reduced by 40.4 hours. Ms. Barnett insufficiently described 13.8 hours; Starr Brookins insufficiently described 14.1 hours; Paul Chistolini insufficiently described 8 hours; and William Smoak insufficiently described 4.5 hours.

### viii. Hours Expended on Motion for New Trial

Ms. Bostick objects to 45.6 hours State Farm's attorneys expended responding to Ms. Bostick's motion for a new trial. (Doc. 180, p. 3–4). According to Ms. Bostick, 45.6 hours is excessive given the nature of the work performed. (*Id.* at 4).

By the undersigned's calculation, State Farm's attorneys expended 45.4 hours[9] responding to Ms. Bostick's motion for a new trial. (Doc. 178-3, pp. 91–94, 96). Of these 45.4 hours, State Farm expended 38.2 hours responding to Ms. Bostick's motion for a new trial and 7.2 hours responding to Ms. Bostick's supplement. (*Id.*). Ms. Bostick's motion for a new trial was ten pages, contained numerous case citations, and included 169 pages of exhibits. (Docs. 163; 163-1; 163-2; 163-3). State Farm's response was sixteen pages and included 284 pages of exhibits.

---

[9] The 45.4 hours total is the sum of adding seventeen entries on the pages Ms. Bostick cited that discuss analyzing, preparing, and drafting a response to Ms. Bostick's motion for a new trial and Ms. Bostick's supplement to her motion for a new trial. (Doc. 178-3, pp. 62, 72, 74–78, 83).

(Docs. 165; 165-1; 165-2; 165-3). State Farm's response had: numerous case citations; an in-depth case discussion; two block quotations; one transcription from the jury instructions; and one transcription from Dr. Ronald Fijalkowski's trial testimony. (Doc. 165).

Ms. Bostick then filed a supplement to her motion for a new trial. (Doc. 166). Ms. Bostick's supplement was three pages and contained two case citations. (*Id.*). Ms. Bostick's supplement contained about 1.5 pages of substance; the rest were items like the signature block and the Local Rule 3.01(g) certification. (*Id.*). State Farm responded to Ms. Bostick's supplement. (Doc. 167). State Farm's response was five pages and contained an in-depth case discussion of the Florida Supreme Court's decision in *Worley v. Central Florida Young Men's Christian Association, Inc.*, 228 So. 3d 18 (Fla. 2017). (Doc. 167). State Farm ultimately prevailed on Ms. Bostick's motion for a new trial. (Doc. 176).

Given the substance involved in arguing Ms. Bostick's motion for a new trial, it was reasonable for State Farm's attorneys to expend 45.4 hours on this issue. Both parties provided numerous citations to authority. Ms. Bostick's reliance on *Worley* required State Farm to argue whether, and how, that case applied to Ms. Bostick's motion. Most importantly, State Farm prevailed at trial; therefore, the importance of State Farm prevailing on Ms. Bostick's motion for a new trial was paramount. Thus, the number of hours State Farm's attorneys expended should not be reduced by the 45.4 hours they expended on Ms. Bostick's motion for a new trial.

       ix. *Value of State Farm's Settlement Offer*

Ms. Bostick claims attorney's fees awarded to State Farm should be reduced because the $100,000.00 offer was small in light of Ms. Bostick's traumatic brain injury. (Doc. 180, p. 4).

A court may reduce an attorney's fees award when a severely injured plaintiff rejects a

small settlement offer then suffers an adverse verdict. *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 613 (Fla. 1995); *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 221–22 (Fla. 2003).

For several reasons, State Farm's $100,000.00 offer was not small. Ms. Bostick included a "Medical Bill Summary" with her motion for a new trial. (Doc. 163-2). In her summary, Ms. Bostick states her total "amount billed" for medical treatment is $418,795.51. (*Id.* at 2). However, this total fails to reflect how much remains outstanding after payments from Ms. Bostick's personal injury protection ("PIP") insurance[10] and the $100,000.00 settlement from the adverse insurance company. (Doc. 2, p. 3). The $418,795.51 total also fails to reflect how much medical providers wrote off or would write off after negotiations with Ms. Bostick's attorney.

Also, in her motion for a new trial, Ms. Bostick argues the minimum the jury should have awarded her in damages is $145,995.70. (Doc. 163, p. 5). State Farm's $100,000.00 offer is not small compared to the minimum Ms. Bostick claims she should have been awarded.

State Farm's $100,000.00 offer was not small in itself. State Farm's offer is also not small considering factors that may offset Ms. Bostick's outstanding medical bills and Ms. Bostick's admission that $145,995.70 is the minimum she should have been awarded. Although Ms. Bostick asserts traumatic brain injury and suffered an adverse verdict, State Farm's attorney's fees award should not be reduced because of the value of the settlement offer.

          x.      *Ms. Bostick's Financial Condition*

Ms. Bostick claims an attorney's fees award of over $200,000.00 would "crush" her financially. (Doc. 180, p. 4). The undersigned construes this as a request to reduce the final attorney's fees award due to Ms. Bostick's financial condition.

---

[10] In Florida, PIP must cover at least $10,000.00 in medical expenses. Fla. Stat. § 627.736.

14

A court may consider the non-prevailing party's financial status when awarding attorney's fees. *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (citations omitted). However, the non-prevailing party should provide "substantial documentation" of her inability to pay an attorney's fees award. *Id.* (citations omitted).

Here, Ms. Bostick provided no documentation supporting her claim that she cannot pay an attorney's fees award over $200,000.00. That said, the undersigned is unaware whether Ms. Bostick provided evidence of her financial condition at trial and the trial transcript only recently was ordered and so is not yet available for review. (Docs. 184; 185). If she provided substantial documentation of her financial condition at trial, Ms. Bostick should be permitted to bring this to the court's attention if she objects to this Report and Recommendation. Therefore, without more information, the undersigned is unable to recommend whether State Farm's attorney's fees should be reduced because of Ms. Bostick's financial condition.

### xi.     *Paralegal Fees*

Ms. Bostick objects to $28,757.00 in fees State Farm requests for work completed by paralegals. (Doc. 180, pp. 4–5). Ms. Bostick argues the $28,757.00 in paralegal fees is unrecoverable because those fees resulted from time expended on clerical work. (*Id.*). For example, Ms. Bostick objects to hours State Farm's paralegals expended: reviewing and analyzing exhibits and transcripts for attorney use at depositions; speaking with experts telephonically about documents; reviewing and analyzing medical records and bills; and drafting subpoenas duces tecum. (*Id.*).

Paralegal fees are recoverable as part of an attorney's fees award. *State Farm Mut. Auto. Ins. Co. v. Edge Fam. Chiropractic, P.A.*, 41 So. 3d 293, 296–97 (Fla. Dist. Ct. App. June 25,

2010) (citations omitted).  However, hours expended on clerical or secretarial work should not be billed at a paralegal rate.  *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (stating "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); *see also Scelta*, 203 F. Supp. 2d at 1334 (concluding purely secretarial or clerical work is unrecoverable under an award for attorney's fees) (citations omitted).

That said, the party opposing an attorney's fees award still has the burden to specifically point out which hours should be reduced.  *Centex-Rooney Constr. Co., Inc. v. Martin Cty.*, 725 So. 2d 1255, 1259 (Fla. Dist. Ct. App. Feb. 3, 1999) (citations omitted).  When the party requesting attorney's fees provides lengthy documentation to support its fee application, an hour-by-hour review by the court is "impractical and a waste of judicial resources."  *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (citation omitted).

Here, Ms. Bostick provided a general objection to $28,757.00 in paralegal fees State Farm requests.  Ms. Bostick failed to point out which hours she objects to with specificity.  This is especially problematic because some of the time expended by paralegals includes recoverable attorney work.  For example, paralegal Janey E. Maiello expended time drafting multiple subpoenas duces tecum.  (Doc. 178-3, p. 3).  Thus, it would be left to the court to review State Farm's ninety-seven page documentation to decipher which hours constitute clerical work and which hours constitute attorney work.[11]  This task would be impractical and a waste of judicial resources.  Ms. Bostick had the burden to specifically point out which hours expended are clerical

---

[11]  An hour-by-hour review of State Farm's paralegal work is even more problematic given State Farm provided a general objection to State Farm's $28,757.00 in paralegal fees and, as illustrated throughout this Report and Recommendation, disparities exist between Ms. Bostick's calculations and the undersigned's calculations with respect to Ms. Bostick's objections.

16

and, thus, unrecoverable. Her failure to adequately describe the hours to which she objected constitutes a waiver of that objection. Therefore, State Farm should be awarded its paralegal fees.

2. Reasonable Hourly Rate

In the second step of the lodestar, the court determines the reasonable hourly rate for the prevailing party's attorneys. *Rowe*, 472 So. 2d at 1150. The relevant market for determining reasonable hourly rates is "the place where the case is filed." *Cullens v. Ga. Dept. of Transp.*, 29 F.3d 1489, 1494 (citation omitted). The parties requesting attorney's fees must establish the market rate for its attorneys. *Rowe*, 472 So. 2d at 1151. That said, the court itself is an expert on the reasonableness of hourly rates. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation and citations omitted).

State Farm requests hourly rates of: $190 for partners Karen A. Barnett, Paul U. Chistolini, Aaron W. Proulx, and William G.K. Smoak; $175 for associates Chance C. Arias, Starr L. Brookins, Jeffery S. Glassman, and Kimberly I. Nunez; and $110 for paralegals Cynthia A. Chartal, Tracey A. Folsom, Janey E. Maiello, and Stacey B. Torrens. (Docs. 178; 178-1). State Farm cited numerous cases to support its hourly rates. (Doc. 178 at 5).[12]

Ms. Bostick failed to object to State Farm's requested hourly rates. (Doc. 180).

The four partners in this case have between sixteen and twenty years of experience. (Doc. 178-2, pp. 2–7). An hourly rate of $190 is reasonable for Tampa insurance attorneys with sixteen to twenty years of experience. *Kotchman v. State Farm Mut. Ins. Co.*, No. 8:15-CV-2482-T-JSS, 2017 WL 4124845, at *2 (M.D. Fla. Sept. 18, 2017) (awarding $175 hourly rate to an insurance

---

[12] State Farm also provided an affidavit completed by attorney Paul Chistolini in which he states the hourly rates his law firm charged are reasonable. (Doc. 178-1, p. 3). However, this statement is not given much weight because it is self-serving.

attorney with eight years of experience); *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-CV-595-T-24TGW, 2011 WL 1527262, at *3 (M.D. Fla. Apr. 21, 2011) (awarding $225 hourly rate to insurance attorneys with eleven to sixteen years of experience). Therefore, the $190 hourly rate charged by the four partners in this case is reasonable.

The four associates in this case have between two and seven years of experience. (Doc. 178-2, pp. 8–14). An hourly rate of $175 is reasonable for Tampa attorneys with two to seven years of experience. *See Rynd v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-CV-1556-T-27TGW, 2012 WL 939387, at *14 (M.D. Fla. Jan. 25, 2012) (awarding $200 hourly rate for an insurance attorney with five years of litigation experience). Therefore, the $175 hourly rate charged by the four associates in this case is reasonable.

State Farms requests a $110 hourly rate for four paralegals. (Doc. 178, p. 4). Some courts award hourly rates around $110 for paralegals in Tampa. *Daniels v Sodexo, Inc.*, No. 8:10-CV-00375-T-27AEP, 2013 WL 5798576, at *3 (M.D. Fla. Oct. 28, 2013) (awarding $100 hourly rate for paralegal in Tampa); *see also Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 89 F. Supp. 3d 1294, 1306 (M.D. Fla. Feb. 26, 2015) (awarding $114 hourly rate to a paralegal for a case in Ocala discounted to reflect hourly rates lower than those charged in Tampa). Other courts award lower hourly rates for paralegals. *See, e.g.*, *Kotchman*, 2017 WL 4124845 at *2 (awarding $80 hourly rate for paralegals in Tampa).

Here, because Ms. Bostick failed to object to the hourly rates State Farm requested and some courts award paralegals in Tampa an hourly rate similar to $110, State Farm's award should include the requested $110 hourly rate for paralegals.

C. **Final Calculation of Attorney's Fees**

After making the recommended reductions in the hours expended by State Farm's attorneys and multiplying the hours reasonably expended by the recommended hourly rates, State Farm should be awarded $236,663.48 in attorney's fees. State Farm's award is calculated as follows:

| Attorney or Paralegal | Hours Claimed | Unreasonable Hours Reduced | Total Reasonable Hours | Rate per Hour[13] | Reasonable Fee Total |
|---|---|---|---|---|---|
| Chance C. Arias | 7.6 | 0 | 7.6 | $175 | $1,330.00 |
| Karen A. Barnett | 273.8 | 15.8 | 258 | $187.50 | $48,375.00 |
| Starr L. Brookins | 349.1 | 25.2 | 323.9 | $150.35 | $48,698.37 |
| Paul U. Chistolini | 474.7 | 14.1 | 460.6 | $181.90 | $83,783.14 |
| Jeffrey S. Glassman | 4.4 | 0 | 4.4 | $175 | $770.00 |
| Kimberly I. Nunez | 19.9 | 0 | 19.9 | $175 | $3,482.50 |
| Aaron W. Proulx | 4.1 | 0 | 4.1 | $190 | $779.00 |
| William G. K. Smoak | 116.5 | 7.5 | 109 | $189.83 | $20,691.47 |
| Cynthia A. Chartak | 14.4 | 0 | 14.4 | $110 | $1,584.00 |
| Tracey A. Folsom | .4 | 0 | .4 | $110 | $44.00 |
| Janey E. Maiello | 229 | 0 | 229 | $110 | $25,190.00 |
| Stacey B. Torrens | 17.6 | 0 | 17.6 | $110 | $1,936.00 |
| **Total** | **1,511.5** | **62.6** | **1,448.90** | | **$236,663.48** |

---

[13] The hourly rates reflect blended rates charged to State Farm. (Doc. 178-1, p. 3 n.1).

**III.   CONCLUSION**

State Farm's attorneys unreasonably expended 62.6 hours on: the motion to exclude Ms. Bostick's treating physicians' opinions; the motion to exclude Mr. Koontz's expert testimony; the pretrial statement and conference; and planning or preparing for trial.  However, the hourly rates charged by the partners, associates, and paralegals are reasonable because the requested rates are in line with the prevailing market rate in Tampa.  Therefore, the undersigned **RECOMMENDS** State Farm's motion for attorney's fees (Doc. 178) be **GRANTED in part** and **DENIED in part**. Specifically, the undersigned **RECOMMENDS** awarding State Farm **$236,663.48** in attorney's fees.  Based on the currently available record, the undersigned is unable to recommend whether this award should be reduced due to Ms. Bostick's financial condition.

**RECOMMENDED** in Tampa, Florida on this 23rd day of May, 2018.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record
District Judge

20