UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA N. BOSTICK,

    Plaintiff,

v.                                                        Case No. 8:16-cv-1400-T-33AAS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

State Farm moves to compel Lisa Bostick to comply with the order awarding State Farm its taxable costs and the order awarding State Farm its attorney's fees. (Doc. 205). State Farm also moves to compel post-trial discovery. (Doc. 209). Ms. Bostick opposes State Farm's motions. (Docs. 206, 210). The undersigned will address State Farm's motions in turn after providing background.

I.    BACKGROUND

Ms. Bostick sued State Farm to recover uninsured motorist benefits. (Doc. 2). State Farm served Ms. Bostick with a settlement offer, which Ms. Bostick rejected. (Doc. 155-1). The case proceeded to a jury trial after which the jury returned a verdict in State Farm's favor and awarded Ms. Bostick no damages. (Doc. 139, 140). The Clerk then entered judgment in State Farm's favor. (Doc. 145).

State Farm later moved for attorney's fees incurred after State Farm served

1

Ms. Bostick its settlement offer. (Doc. 155). State Farm also moved for taxable costs. (Doc. 170). The court adopted the undersigned's reports and recommendations on State Farm's motions. (Docs. 175, 177, 190). As a result, the court awarded State Farm $16,351.23 in taxable costs and $236,663.48 in attorney's fees. (Docs. 177, 190).

Following her trial against State Farm, Ms. Bostick appealed multiple orders in this case. (Doc. 182). Most relevant to the current motions, Ms. Bostick appealed the order concluding that State Farm was entitled to attorney's fees and the order awarding State Farm $16,351.23 in taxable costs. (*Id.*).

State Farm now moves to compel Ms. Bostick to comply with the orders awarding State Farm attorney's fees and taxable costs. (Doc. 205). State Farm also moves to compel post-trial discovery. (Doc. 209). Ms. Bostick opposes State Farm's motions. (Docs. 206, 210). The undersigned will now address State Farm's motions.

## II. ANALYSIS

### A. State Farm's Motion to Compel Compliance with Court Orders

State Farm moves to compel Ms. Bostick to comply with the orders awarding State Farm attorney's fees and taxable costs. (Doc. 205). According to State Farm, Ms. Bostick has yet to comply with the court's orders despite Ms. Bostick's failure to post a bond or move for a stay of the court's orders. (*Id.* at 2). The undersigned will address the orders at issue in State Farm's motion separately.

#### 1. Order on Attorney's Fees

State Farm specifically points out Ms. Bostick failed to comply with the order

awarding State Farm $236,663.48 in attorney's fees despite the fact that "no stay has been issued, nor has any bond been posted." (Doc. 205, p. 2).

State Farm included no memorandum of law in its motion required under Local Rule 3.01(a), nor did State Farm provide case law to support its claim for relief. To the extent State Farm argues it has a judgment for attorney's fees and Ms. Bostick failed to stay enforcement of that judgment, that argument is unavailing and will be discussed in greater detail below with respect to State Farm's motion for post-trial discovery.

To the extent State Farm does not argue it has an attorney's fees judgment, but Ms. Bostick must comply with the order nonetheless, the second report and recommendation on the amount of State Farm's attorney's fees award addressed this issue. (Doc. 186). After recognizing that Ms. Bostick appealed the underlying order concluding State Farm is entitled to attorney's fees, and after discussing Eleventh Circuit case law about the court's jurisdiction to award attorney's fees, the report and recommendation stated the following:

> Here, the amount of attorney's fees to award State Farm is collateral to whether State Farm is entitled to attorney's fees in the first place. If the court's decision concluding State Farm is entitled to attorney's fees is reversed, then Ms. Bostick will be unaffected by this Report and Recommendation. If the court's decision is affirmed, then the analysis in this Report and Recommendation and subsequent order will be unaffected. Therefore, because determining how much to award State Farm does not affect the question Ms. Bostick raised on appeal—namely, whether State Farm is entitled to attorney's fees in the first place—the court retains jurisdiction over State Farm's current motion.

(*Id*. at pp. 2–3). The second report and recommendation on State Farm's motion for

attorney's fees, therefore, explicitly recognized that State Farm's award is contingent on the Eleventh Circuit's review of the court's order concluding that State Farm is entitled to attorney's fees. *See also Earthcam, Inc. v. OxBlue Corp.*, 658 F. App'x 526, 531 (11th Cir. 2016) (affirming district court's conclusion that it could rule on a motion for attorney's fees but not require payment until appeal concluded).

State Farm cited no case law to support its motion to compel Ms. Bostick to pay an attorney's fees award that could be reversed by the Eleventh Circuit. Therefore, State Farm's motion to compel Ms. Bostick to comply with the order awarding State Farm $236,663.48 in attorney's fees is denied without prejudice. If the Eleventh Circuit affirms the order concluding State Farm is entitled to attorney's fees, State Farm may renew its motion.

2. <u>Order on Taxable Costs</u>

With respect to the order awarding State Farm $16,351.23 in taxable costs, State Farm simply states: "As of the date of this motion, plaintiff has failed to comply with this court's order [on taxable costs]." (Doc. 205, p. 2). Therefore, State Farm requests an order compelling Ms. Bostick to comply with the court's order on taxable costs. (*Id.* at 3).

State Farm's motion to compel Ms. Bostick's compliance with the court's order on taxable costs is denied for two reasons. First, to the extent State Farm argues it has a judgment for taxable costs, that argument is unavailing and will be discussed in greater detail below with respect to State Farm's motion for post-trial discovery.

4

Second, to the extent State Farm does not argue it has a judgment for taxable costs but seeks to compel compliance with the court's order on taxable costs nonetheless, like the order on attorney's fees, the order on taxable costs is on appeal to the Eleventh Circuit. Ms. Bostick need not comply with the order on taxable costs at this time because that order could be reversed. *See Earthcam*, 658 F. App'x at 531 (affirming district court's conclusion that it could not require payment of expenses award until appeal concluded). Therefore, State Farm's motion to compel compliance with the order awarding State Farm $16,351.23 in taxable costs is denied without prejudice. If the Eleventh Circuit affirms the order awarding State Farm taxable costs, State Farm may renew its motion.[1]

B.  **State Farm's Motion to Compel Post-Trial Discovery**

State Farm moves to compel post-trial discovery and for "a writ of execution granting broad discovery authority." (Doc. 209, p. 1). State Farm specifically wants to serve interrogatories and requests for production on Ms. Bostick, as well as schedule a deposition, so State Farm can identity assets "which may be used to satisfy the monetary judgments entered by this court's orders awarding [State Farm] taxable

---

[1] To the extent State Farm argues the court should require Ms. Bostick to file a bond for State Farm's taxable costs under Federal Rule of Appellate Procedure 7, that argument is unavailing. The bond for costs under Rule 7 is limited to expenses incurred during appeal—not at the district court. *Trabulsy v. Polk Comm. Coll.*, No. 8:08-CV-2271-33AEP, 2010 WL 5152915, at *1 (M.D. Fla. Oct. 26, 2010). The court awarded State Farm $16,351.23 for costs incurred at the district court. (Doc. 177). Therefore, any attempt by State Farm to require Ms. Bostick to post a bond for State Farm's $16,351.23 in taxable costs is unsuccessful.

costs and attorney's fees." (Doc. 209, p. 1).

A money judgment is enforced by a writ of execution. Fed. R. Civ. P. 69(a)(1). In aid of the judgment or execution, a judgment creditor may obtain discovery. Fed. R. Civ. P. 69(a)(2).

At the heart of State Farm's motion to compel compliance with the orders awarding attorney's fees and taxable costs and its motion for post-trial discovery is one fact State Farm misapprehends: State Farm has no judgment for attorney's fees or taxable costs. The court entered orders awarding State Farm attorney's fees and taxable costs. (Docs. 175, 177, 190). An order awarding attorney's fees or taxable costs is not a judgment; therefore, a writ of execution and post-trial discovery is unavailable. *See In re Moore*, 88 B.R. 385, 386 (Bankr. M.D. Fla. 1988) (concluding that a writ of execution is unavailable to enforce an order awarding attorney's fees).

State Farm has a non-money judgment. (Doc. 145). A writ of execution or post-trial discovery against Ms. Bostick is therefore inappropriate. Further, because it has a non-money judgment on appeal, State Farm has no amount of money it must secure pending the appeal. *See United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011) (discussing how the purpose of bonds under Federal Rule of Civil Procedure 62 is to secure a judgment during appeal and compensate the judgment creditor in the event of a loss caused by a stay to enforce judgment); *see also* 10 James Wm. Moore et al., Moore's Federal Practice, § 308.10 (3d ed. 2017) (discussing Federal Rule of Appellate Procedure 8, and stating that, "[u]nless stayed,

a judgment awarding money or property may be executed upon notwithstanding that an appeal is pending") (footnote omitted).

The cases from this circuit State Farm cited in its motion involved money judgments or judgments for attorney's fees—not orders granting attorney's fees or expenses. *Moore v. Appliance Direct, Inc.* No. 6:09-CV-224-Orl-GJK, 2013 WL 12336219 (M.D. Fla. Feb. 26, 2013) (permitting discovery in aid of money judgment); *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982) (affirming district court's decision to compel post-trial discovery in aid of money judgment); *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, No. 5:04-CV-12-Oc-10GRJ, 2009 WL 10675487 (M.D. Fla. Aug. 3, 2009) (permitting post-trial discovery in aid of judgment for attorney's fees). State Farm's attempt to apply Federal Rule of Civil Procedure 69 to an order—not a judgment—is unavailing. Therefore, State Farm's motion to compel post-trial discovery and for a writ of execution granting broad discovery authority is denied.

## III. CONCLUSION

Ms. Bostick need not comply with the orders awarding attorney's fees and taxable costs to State Farm at this time because those orders may be reversed. And State Farm is not entitled to conduct post-trial discovery or a writ of execution because it has no money judgment for attorney's fees or taxable costs. Therefore, the following is **ORDERED**:

1. State Farm's motion to compel compliance with the orders awarding State Farm attorney's fees and taxable costs (Doc. 205) is **DENIED without prejudice**.

2. State Farm's motion to compel post-trial discovery and for a writ of execution granting broad discovery authority (Doc. 209) is **DENIED without prejudice**.

**ENTERED** in Tampa, Florida, on December 3, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge